Case 21—INDICTMENT—June 11.

# Creighton v. Commonwealth.

APPEAL FROM SCOTT CIRCUIT COURT.

1. A DE FACTO OFFICER is one who discharges the duties of an office' under color of title.

   One who, having been elected to an office, assumes to exercise its duties without having qualified or *attempted to qualify*, is without color of title, and is not a *de facto* officer.

2. ARRESTS.—One who is not a peace officer, either *de jure* or *de facto*, does not, by assuming to exercise the duties of such an officer,. acquire any more authority to make an arrest than any other private individual, and one who kills such a person in resisting arrest by him is to be tried as if the deceased had not been acting as an officer.

3. IN RESISTING AN ARREST attempted to be made by a person with-- out authority, one has the right to use only such force as is necessary to protect himself from the assault, and has no right to·

Creighton v. Commonwealth.

take the life of the person attempting to make the arrest unless
it is necessary to save his own life, or his person from great bodily
harm.

4. ONE WHO KILLS A PEACE OFFICER to prevent arrest, knowing, or
having reasonable grounds to believe, that he is a peace officer, is
guilty of murder.

5. IT IS FOR THE COURT, AND NOT THE JURY, to determine whether
one attempting to make an arrest had the right to do so.

A. H. WARD FOR APPELLANT.

1. The deceased was not marshal, either *de jure* or *de facto*, at the
time he was killed.    (Acts 1879, volume 2, page 996; General
Statutes, pages 683, 809, 811.) .

2. As to rights and liabilities of officers *de facto* and *de jure*. (Rod-
man v. Harcourt, etc., 4 B. Mon., 224; Morgan v. Vance, 4 Bush,
323; Alsop v. Commonwealth, 4 Ky. Law Rep., 547; Mockabee v.
Commonwealth, 78 Ky., 380; York v. Commonwealth, 6 Ky. Law
Rep., 334; Fleetwood v. Commonwealth, 80 Ky., 1; Wharton's
Criminal Law, vol. 1, pages 416–18; Criminal Code, sections 26,
35, 36, 37, 39, 42, 43, 46; Hoglan v. Carpenter, 4 Bush, 89; Big-
gerstaff v. Commonwealth, 11 Bush, 169.)

P. W. HARDIN, ATTORNEY-GENERAL, FOR APPELLEE.

The deceased was a *de facto* officer acting in good faith, and his act
of arrest was binding as between appellant and appellee. (Mor-
gan v. Vance, 4 Bush, 326; Patterson v. Miller, 2 Met., 496;
Stokes v. Kirkpatrick, 1 Met., 143; Alsop v. Commonwealth, 4
Ky. Law Rep., 551.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant, James Creighton, was indicted, tried
and convicted of manslaughter, for the killing of
one Ambrose Wilson, and sentenced to confinement
in the State prison for twenty-one years.

The defense claimed that the deceased assaulted
the accused, and the latter, in resisting the assault,
used no more force than was necessary to protect
his own person from bodily harm.    The prosecution
attempted to prove that the deceased, Wilson, at
the time he was shot, was the town marshal of Sa-
dieville, and, as such, had the right to arrest and

take charge of the person of the accused, who, in the opinion of the officer, was about to commit a breach of the peace. The attempt to make the arrest brought on the altercation, both parties shooting at each other, the deceased losing his life by a shot from the pistol in the hands of the accused.

The appellant denied that the deceased had the right to arrest him for the reason, in the first place, that he was not about to commit a breach of the peace; and, secondly, that the deceased was not town marshal, and, therefore, had no right or power to arrest him.

If the deceased was town marshal the appellant had no right to resist the arrest, but should have allowed himself to be taken charge of by the officer, and made his defense before the justice instead of taking the law into his own hands; and if the deceased was not an officer *de facto* or *de jure*, the accused had no right to use more force than was necessary to protect himself from the assault of the deceased, and certainly no right to take the life of the deceased, unless it was necessary to save his own life or his person from great bodily harm. The defense had the undoubted right to show that the deceased, in attempting to arrest him, was acting without any authority; and that being a fact in issue, the court should have determined the question, and not the jury, as to the right of the deceased to make the arrest. Whether the facts constituted the deceased a peace officer was with the judge and not the jury; and if there had been sufficient evidence of the right of the deceased to act

as an officer of the town, then if, when acting in the discharge of his duties, he was shot and killed by the accused for the purpose of preventing the arrest, the latter knowing him to have been a peace officer, or having reasonable grounds to believe that he was, subjected himself to the severest penalty known to the law.

The trouble arising in this case springs from the objection made by the defense, that no instruction should have been given by which the right of the accused to resist the arrest was, or might have been, excluded from the consideration of the jury.

It appears from parol testimony that the deceased had been elected marshal of the town, but that he failed to qualify, or to attempt to qualify, as such in the mode provided by law.

Deputy marshals were sometimes appointed without any authority under the charter of the town, and the deceased was sworn in, at one time upon the street, to act as marshal for one week, or for a shorter time. The deceased seems to have been recognized as marshal of the town, and on these facts it is argued that he was an officer *de facto*, although not an officer *de jure*, and had the right to arrest the accused.

By section 10 of chapter 81, General Statutes, "no officer, from whom a covenant is required, shall enter upon the duties of his office until the same is given;" and by section 12, of the same chapter, it is provided that: "If the official bond is not given, and the oath of office taken, within thirty days of the time when the officer was elected, or received notice of his ap-

vol. 83.—10

pointment, or of the time when his appointment. ought to take effect, the office shall be considered. vacant, and he shall not be re-eligible thereto for two years."

There was no warrant or authority from any jus-- tice or conservator of the peace commanding the deceased to make this arrest; and his voluntarily assuming the duties of a town marshal gave him no such power, and while his acts as an officer may have been sustained, so far as they affected the rights of third persons—and this is questionable— if he had been sued by the accused for an assault. upon his person, in his attempt to make the arrest, his acting in an official capacity would have afforded. him no protection.

He had not even received a certificate of his elec- tion, and there is no pretense that he ever attempted to qualify as required by law, but, on the contrary, was acting as an officer when the office was made vacant by reason of his failure to qualify; and when, by the provisions of · the statute, he was in- eligible to fill the position for two years. He, there- fore, had no more right to make the arrest, because he believed a breach of the peace was about to be committed in his presence, than a private individual had, and the case should have been tried without. reference to his having acted in an official capacity.

If the deceased had executed his bond and entered upon the discharge of his duties as marshal without taking the oath, being otherwise eligible, this would have made him an officer *de jure*, or certainly his qualifications could not be questioned until some

proceeding had been instituted and his office de-
clared vacant. A mere irregularity in the qualifica-
tion of an officer, or in the attempt to qualify, where
he has entered upon the discharge of his duties, can
not be inquired into in a collateral proceeding, for
the purpose of invalidating his right or title to the
office; but in this case the party acting as an officer
never qualified or attempted to qualify, and was in-
eligible for the position when the arrest was made.
Under such circumstances his assertion of claim to
the office, and the discharge of its duties, can afford
him no protection. He was a trespasser and liable
to an action by the accused for the attempt to ar-
rest him, and his usurpation of the office afforded
him no justification. (Rodman v. Harcourt, &c., 4
B. M., 224; Pearce v. Hawkins, 2 Swan, 87.)

An officer *de facto* is one who discharges the du-
ties of an office under color of title. His official
acts are binding on third persons, but not valid in
his own behalf; and Mr. Bishop says that one may
be indicted for assaulting an officer *de facto*, al-
though the authorities are conflicting. In the case
of The People v. Hopson, 1 Denio, 574, the accused,
when indicted for assaulting a constable who had
.not taken the oath of office, or given security, was
denied the right of showing that the constable was
not a legal officer, upon the ground that the Com-
monwealth (a third party) was complaining and not
the constable; and yet it is in substance held in
that case, that if the constable had been sued for
the attempt to make the arrest, or had himself sued
for the assault, his acting in an official capacity

would have afforded him no protection. We read-
ily perceive the necessity for holding the acts of
de facto officers binding on third persons, but are
unable to see the reason for justifying Hopson in
his assault upon Lassels in a civil action, and then
deny to Hopson the right of such a defense when
indicted for this same assault. If right in the cit-
izen to resist an arrest, when attempted to be made
by one who is not an officer de jure, to the extent
that the officer has no redress, when assaulted by
the citizen, to prevent the arrest, the doctrine ap-
plicable to the rights of third parties should not
be carried so far as to enforce a penalty upon one
who has done no more than to use the force neces-
sary to resist an unlawful act upon the part of an-
other. If guilty of a breach of the peace, by reason
of the altercation, or of a felony, by reason of the
use of more force than was necessary for the pro-
tection of his own person, then the power of the
Commonwealth could be rightfully asserted.

When one claims not only the right to discharge
the duties of an office, but asserts the right of tak-
ing into actual custody the person of the citizen,
without any warrant of authority, and because, in
his judgment alone, the party should be arrested,
he acts at his peril. He is required to know, be-
fore he takes such action, that his right to do so
is unquestioned.                          .

Nor does it necessarily follow that one assuming
the duties of an office, or exercising the authority
of an officer, thereby makes himself an officer de
facto; but the action of those who have color of

title, in the attempt to discharge such duties, be-- comes so important to the public that the rights: of third persons can be protected in no other way than in holding their acts valid as to them. In this: case it is manifest that the accused had the right to resist the arrest, but to use no more force than was necessary for that purpose; and the case should have been heard and tried as if the deceased was. not acting, or attempting to act, at the time, as an officer of the law.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.