82 309
89 598
82 309
144 673

JOHN DONOUGH ET AL. v. ERNEST C. DEWEY ET AL., BOARD OF SCHOOL INSPECTORS OF THE TOWNSHIP OF PENN.

*Alteration of school-district—Notice—Adjournment of meeting—Constitutional law—Public officers—Certiorari.*

1. Irregularities in the proceedings of a board of school inspectors which do not affect property rights or jurisdiction cannot be reviewed on *certiorari.*

2. A township board of school inspectors have a right, for any sufficient reason, to adjourn a meeting called to consider the propriety of altering the boundaries of a school-district, both as to time and place; and unless it is made to appear that such adjournment was an abuse of their corporate functions, and operated to the detriment of those affected, or to be affected, by the proceedings, such action is not subject to review.

3. A notice of a meeting of the board of school inspectors of a township, which is in *fact* signed by the township clerk, is a valid notice, whether he describes himself as township clerk or as clerk of the board of school inspectors.

4. A notice of the proposed enlargement of a school-district by attaching territory taken from two contiguous districts, which gives the exterior boundaries of the district before and after such enlargement, but which fails to name the contiguous districts, is sufficiently definite and certain, and shows upon its face that the two districts are to be affected by the proposed action of the inspectors.

5. While it is true that there cannot be an officer *de facto* unless there be an office to fill, yet the rule is modified, as to offices created by the Legislature, while the statute creating them has not been declared unconstitutional.

So *held*, where a female was elected to the office of township school inspector, and qualified and acted, which acts are held valid whether she was eligible to the office or not.

6. The Court decline to pass upon the constitutionality of How. Stat. § 782, which provides that any female of or above the age of twenty-one years, who has resided in this State three months, and in the township ten days, next preceding any election, shall be eligible to the office of township school inspector, that question not necessarily arising in this case.

7. Whether How. Stat. § 684a, which authorizes the election of *two* school inspectors, is in conflict with Art. 11, § 1, of the Constitution, which provides for the annual election of *one* such officer, *query*, the question not necessarily arising in this case. But it is suggested that it is a matter of serious doubt whether the Legislature can create offices which are special in the Constitution, and limited by that instrument as to the number to be elected, without some authority, express or implied, in the Constitution.

*Certiorari* to board of school inspectors to review proceedings altering the boundaries of a school-district. Argued April 10 and 11, 1890.    Decided October 10, 1890.    The facts are stated in the opinion.

*Howell & Carr*, for petitioners.

*Harsen D. Smith*, for respondents.

CHAMPLIN, C. J.    This is a common-law *certiorari*.

The plaintiffs, ten in number, are tax-payers residing in school-districts 1 and 7, in the township of Penn, in the county of Cass.    The defendants constitute the board of school inspectors of the township.

November 13, 1889, school-district No. 4 was situated in the south-east portion of the township of Penn, and comprised five whole sections, four half sections, and one quarter section.    School-districts 1 and 7 are contiguous to district No. 4.    In November, 1889, the board of school inspectors took steps to enlarge school-district No. 4 by detaching territory from school-districts Nos. 1 and 7.    They gave notice of the time and place of meeting for

the purpose of considering the propriety of altering, and of altering, if deemed proper, the boundaries of district No. 4, and they gave in the notice the exterior boundaries of the district as they would be when altered, and also the boundaries of the district as it then existed, without mentioning in such notice school-districts 1 and 7 by name. The notice was signed, " C. H. Kenworthy, Clerk of the Board of School Inspectors." The time for meeting was stated to be on November 25, 1889, at 10 o'clock A. M., and the place at the township clerk's office. The board met at the time and place stated. No question is made as to posting the notice in the districts interested. School-district No. 4 of the township of Penn is a graded school-district, and the trustees gave their consent in writing to the proposed change.

The board met pursuant to the notice, and, after hearing arguments for and against the proposed change, and on motion of those opposed to the change, the further consideration of the matter was adjourned to December 7, 1889, at 10 o'clock A. M., at the same place, at which time the board again met, and adjourned the place of meeting to the parlors of the Pemberton Hotel, being to a room adjoining to the clerk's office. Two of the petitioners for the writ of *certiorari* appeared before the board and objected to their jurisdiction, and moved to quash all proceedings. Eight reasons were specified why the proceedings should be quashed, which were overruled, and are embraced, among others, in the assignments of error in the petition for the writ .of *certiorari*, and will be considered later. After hearing further arguments, the board voted to change the boundaries of school-district No. 4 in accordance with the notice given. Afterwards, and within the 10 days required by law, the town-clerk served upon the directors of school-districts 1 and 7 and 4 a notice containing the boundaries of the school-districts

respectively as affected by the alterations made by the board of school inspectors.

The petition sets up, and the return admits, that Elvene M. Hollister, one of the members of the board of school inspectors, is a female person.  The plaintiffs in *certiorari* insist that their proceedings are illegal and wholly void for 17 reasons assigned in their petition, which may be summarized as follows:

1. Elvene M. Hollister was not eligible to the office of school inspector, and consequently the board of school inspectors was not legally constituted.

2. The notice posted was not in compliance with law; and therefore the board acquired no jurisdiction.

3. The board lost jurisdiction by adjourning.

4. Irregularities committed by the board in their proceedings.

The reasons assigned relating to irregularities in the proceedings which do not affect property rights or jurisdiction may be dismissed, with the remark that they cannot be reviewed upon *certiorari*.

The law is silent as to the power of the board to adjourn.  We think they have the right to adjourn, for any sufficient reason, both as to time and place; and unless it is made to appear that such adjournment was an abuse of their corporate functions, and operated to the detriment of those affected, or to be affected, by the proceedings, such action is not subject to review.

The objections to the notice are:

1. It is not signed by Charles H. Kenworthy as township clerk, but, instead, as the clerk of the board of school inspectors of Penn township.

2. It does not state what lands would be detached from school-district No. 7, nor from school-district No. 1, and attached to school-district No. 4.

The boundaries of all school-districts are of record in the township clerk's office, and also in the office of the director of each school-district.  Both the original bound-

aries of school-district No. 4, and the boundaries as proposed to be altered, were contained in the notice. This was sufficiently definite and certain, and showed that territory was to be detached from districts 1 and 7, and attached to district 4. These notices were posted in districts 1 and 7. While it would have been proper to have named districts 1 and 7 in the notice, it was not essential, when the notice showed upon its face that they were to be affected by the proposed action.

The law[1] states that the township clerk shall give at least ten days' notice of the meeting. By the Constitution,[2] the township clerk is declared to be *ex officio* a school inspector, and the statute says that he shall, by virtue of his office, be the clerk of the board of school inspectors. In our opinion, the notice, having been in fact signed by Charles H. Kenworthy, who was township clerk, is a valid notice, whether it describes him as township clerk or clerk of the board of school inspectors of Penn township.

The main objection to the legality of the proceedings of the board is based upon the ineligibility of Elvene M. Hollister to hold the office of school inspector.[3] The board consists of three persons, and it appears that the action of the board complained of was unanimous. It would have been legal had Miss Hollister not voted or acted. She assumed to be school inspector by virtue of an election to that office, and she acted as such. Whether she was qualified to act or not, the proceedings had the sanction of the majority of the board, and were therefore legal. The constitutional question therefore does not necessarily arise. Mr. Justice Cooley, in his work on Constitutional Limitations (5th ed.), at page 196 (*163),

---

[1] How. Stat. § 5040.
[2] Const. Art. 11, § 1.
[3] How. Stat. §§ 782, makes females eligible as members of the board of school inspectors.

expresses the sentiments of courts of last resort in this language:

"Neither will a court, as a general rule, pass upon a constitutional question, and decide a statute to be invalid, unless a decision upon that very point becomes necessary to the determination of the cause."

Counsel for petitioners make the point that the law authorizing the election of two school inspectors is void, as being in conflict with Art. 11, § 1, of the Constitution, which provides that—

"There shall be elected annually, on the first Monday of April, in each organized township,   *   *   *   one school inspector,   *   *   *.   whose powers and duties shall be prescribed by law."

The same section makes the township clerk *ex officio* school inspector. It is a matter of serious doubt whether the Legislature can create offices which are special in the Constitution, and limited by that instrument as to the number to be elected, without some authority, express or implied, contained in that instrument. But this question does not necessarily arise. There was in fact and law one school inspector elected by the electors of the township of Penn, and he, with the town-clerk, would constitute the board, if the additional school inspector was unauthorized. If the law did authorize two school inspectors, then Miss Hollister was elected to that office. The law authorizing her election had not been declared unconstitutional, nor the law for an additional school inspector. While it is true that there cannot be an officer *de facto* unless there be an office to fill, yet the rule is modified, so far as offices have been created by the Legislature, while the statute creating them has not been declared unconstitutional. This is upon grounds of public policy. Mechem, Pub. Off. §§ 318, 327. She was therefore a *de facto* officer, having been elected under a statute which

had not been declared unconstitutional, and her acts are valid whether she was eligible or not. The return made by the board of school inspectors to the writ of *certiorari* shows that their action was legal and proper. The right of any member of such board claiming to be lawfully elected, and in possession of the office, cannot be tried upon *certiorari* in this collateral way. The proper method is by information in the nature of a *quo warranto*.

The proceedings of the board should be affirmed, with costs.

The other Justices concurred.