THOMPSON *v.* COUCH.

OFFICERS — DE FACTO OFFICERS — RIGHT TO OFFICE — COLOR OF
AUTHORITY—COLLATERAL ATTACK.

> Where the section of a city charter providing for three justices
> of the peace is repealed and a provision adopted in its place
> that there shall be one justice, and that court shall be held in
> certain cases by other officers, the title to his office of a jus-
> tice elected under the latter statute cannot be collaterally at-
> tacked, even on the ground that, the statute being unconsti-
> tutional, there is no office to be filled and therefore no officer;
> since one elected under an unconstitutional law is a de facto
> officer until the unconstitutionality is adjudged, and which-
> ever law is in effect, there is such an office as justice of the
> peace.

Petition by Andrew Thompson against John A. Couch
for a writ of prohibition to restrain respondent from as-
suming jurisdiction as a justice of the peace. Submitted
May 26, 1906. (Calendar No. 21,715.) Writ denied
July 3, 1906.

*Alexander R. Macdonell,* for relator.

*Warner & Sullivan,* for respondent.

MONTGOMERY, J.   The relator was defendant in an ac-
tion involving a trifling sum instituted in the court held
by the respondent. Relator, after raising the question of
respondent's right to hold the office, has asked this court
to issue a writ of prohibition forbidding further proceed-
ings in said cause by respondent. The respondent is as-
suming to act as a justice of the peace of the city of Sault
Ste. Marie, and it appears that he had exercised the duties
of such supposed office for nearly four years before this
proceeding was instituted. The charter of the city of
Sault Ste. Marie (Act No. 533, Local Acts 1887, chap. 3,
§ 1) provided that the officers of the city should consist of

"mayor * * * and three justices of the peace who shall be elected by the qualified voters of the whole city." It also provided for the right of succession and for succeeding elections, and that one justice should be elected each year.

In 1901, by Local Act No. 468, the provision first above quoted was amended by substituting " one justice of the peace " in place of the words "three justices of the peace." The amended statute also provided for the holding of court in certain emergencies by the probate judge or circuit court commissioner. On account of these last provisions the constitutionality of the amendatory act is attacked.

The respondent's counsel contend that the title to this office cannot be tried in this proceeding, that the respondent is at least an officer de facto, and that an officer de facto is as to the public an officer de jure. This rule is well settled and is not controverted by the relator. It is contended, however, that there cannot be a de facto officer of an office which has no existence, and that if the amendatory act is unconstitutional the respondent cannot be held to be a de facto incumbent of an existing office. There are cases which hold that, as an unconstitutional statute is not law, such statute creating an office does not give color of right to an incumbent. 11 Cyc. p. 724; Mechem on Public Offices and Officers, § 326. But where this is held the holding is said not to be inconsistent with the rule that one chosen under color of an election, or appointment by or pursuant to a public unconstitutional law before the same is adjudged to be so, is an officer de facto. The distinction taken by the line of cases referred to may be stated thus: While there can be no such thing as a de facto office, there may be a de facto officer, whose apparent right arises out of action taken by the electorate or the appointing power under the supposed authority of an unconstitutional law before the same is declared unconstitutional. See Mechem on Public Offices and Officers, §§ 318, 327; *Walcott* v. *Wells*, 21 Nev. 47 (9 L. R. A. 59).

The present case falls clearly within this distinction. Clearly there is such an office as justice of the peace in the city of Sault Ste. Marie. Whether the old charter or the amendment was in force, a justice of the peace was due to be elected on the day the people chose respondent over his competitor. Respondent was inducted into that office, and became an officer de facto. Whether the distinction was accurately noted in *Donough* v. *Dewey*, 82 Mich. 309, may be doubted. That case would seem to go to a greater length than necessary to answer the relator's contention here. We do not in this case decide what rule should be applied if a new office had been created by the amended charter. This is not the complaint. The grievance appears to be that two justices were dispensed with. The office was not wholly abolished, and, as before pointed out, the respondent was elected to an office which a valid law created. His right to hold that office is not open to collateral attack.

The writ is denied, with costs.

CARPENTER, C. J., and OSTRANDER, HOOKER, and MOORE, JJ., concurred.