## Nagel v. Bosworth, Auditor, et al.

(Decided June 13, 1912.)

### Appeal from Franklin Circuit Court.

1.  Judicial Districts—When Act Creating Unconstitutional.—An act of the Legislature giving a county two circuit judges when its population is under 75,000 is unconstitutional.
2.  Unconstitutional Act—Judge Appointed Under—Is Defacto Officer.—The judge appointed under an unconstitutional act, good on its face, is a defacto officer, and his acts are valid as to third persons, but he is entitled to no compensation.
3.  Judicial Districts—Objection to Act Creating on Account of Lack of Population.—An objection to an act on the ground of lack of population must be made seasonably, and if not made until the court has become a recognized part of the State government will not be heard.

BRENT SPENCE, RAMSEY WASHINGTON for appellant.

JAMES GARNETT, Attorney General for appellee Bosworth.

HAZELRIGG & HAZELRIGG for appellee Hodge.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

The last General Assembly passed an act adding one additional judge to the circuit court for the seventeenth circuit court district, which embraces the county of Campbell, and this suit was brought to test the validity of the act, it being alleged in the petition that the county has not a population of 75,000 inhabitants, but only a population, according to the last enumeration, of 59,369, and less than 61,000 in fact at the present time. The defendants demurred to the petition, and their demurrer was sustained. The plaintiff stood upon his petition and appeals.

The constitutional provisions involved are those quoted in the opinion in the case of Scott v. McCreary, Governor, decided June 12, 1912, and for the reasons set

out in that opinion, we conclude that, as the county of Campbell has only a population of 61,000, the Legislature was without power, under the Constitution, to give it an additional judge, and that the act is void.

The act, so far as material, reads as follows:

"Whereas, the population of the seventeenth circuit court district now exceeds seventy-five thousand inhabitants, and, whereas, it is impossible for one judge to dispose of the business of said court, with reasonable dispatch, and the number of cases upon the docket of said court is constantly increasing, therefore,

"Be it Enacted by the General Assembly of the Commonwealth of Kentucky:

"Section 1. That one additional judge of the circuit court for the seventeenth circuit court district is hereby authorized and added to said court.

"Section 2. Such additional judge shall preside over the criminal, common law and equity division of said court.

"Section 3. Within sixty days after this act shall have become operative the Governor shall appoint a person having the qualifications of a circuit judge to preside over the Criminal, Common Law and Equity Division of the seventeenth circuit court district, who, when appointed, shall be commissioned by the Governor as judge of such division of the seventeenth circuit court district, and shall enter upon the duties of the office as soon as he shall have qualified, and shall continue in office until the first Monday in January, nineteen hundred and thirteen, and until his successor is elected and shall have qualified."

The act was approved by the Governor March 19, 1912, and contained an emergency clause. The Governor shortly thereafter appointed and commissioned Hon. John T. Hodge as the judge. It will be observed that, on the face of the act, it is not subject to any constitutional objection, as it shows that the county has the necessary population, and Judge Hodge, having been commissioned by the Governor under an act fair on its face, has color of title to the office. Although, it turns out that the act is unconstitutional, for the reason that the county has not the necessary population, Judge Hodge is a de facto officer, and his acts before the statute is adjudged unconstitutional, are valid. State v. Gardner, 53 Ohio St., 145, 31 L. R. A., 660; Burt v. Winona, &c., R. R. Co., 31 Minn.,

472; Lang v. Bayone (N. J.), 68 Atl., 90; Donough v.
Dewey, 82 Mich., 309; Parker v. State (Ind.), 18 L. R.
A., 567; People v. Bangs, 24 Ill., 184; Wolcott v. Wells, 9
L. R. A., 59. A contrary conclusion is not to be drawn
from the case of Hildreth v. McIntire, 1 J. J. M., 206. In
that case the Legislature undertook, by statute, to abol-
ish the Court of Appeals established by the Constitution
and to create another Court of Appeals, in lieu of it.
The act, on its face, was a palpable violation of the Con-
stitution, as the Legislature was without power to create
a court of appeals; but not so is the act here. The Leg-
islature has power to create a circuit court, and, under
certain conditions, to add an additional judge. The act
that it passed showed that the conditions existed, which
warranted it to create an additional judge. The act, on
its face, was within the power of the Legislature, and
upon considerations of sound public policy, litigants who
have tried their cases before Judge Hodge should not be
sufferers by reason of the unconstitutionality of the stat-
ute. A de facto officer is not entitled to the emoluments
of the office, and so Judge Hodge is not entitled to any
salary as circuit judge. Eubanks v. Montgomery County,
127 Ky., 261. While his acts are valid until the statute
is declared unconstitutional, his subsequent acts will be
invalid. He should take no further steps in any case, but
should enter an order transferring all cases to the regu-
lar circuit judge.

It is insisted that the conclusion we have announced
is very far reaching and will overturn the courts that
have been established in Fayette County and in Kenton
County, but no such consequences need be apprehended.
When the Legislature acts under section 138, and it is a
matter of doubt whether the county has the required
population, complaint must seasonably be made, and if
not made promptly, the complainant will not be heard
after the court has been established and has fairly be-
come a part of the government of the State. Thus, in
Adams v. Bosworth, 126 Ky., 61, the court, while hold-
ing unconstitutional an act just passed, refused to hold
unconstitutional an act passed many years before under
which the government had been conducted since it was
passed, on the ground that to hold it void would be to
throw the government into chaos, and that it was too late
for anyone to question its validity. The same rule has
been applied in other States where acts were passed

creating counties and no complaint was made until after the county was organized, and its government had become a part of the State government. In re Short, 47 Kan., 250; Ex parte Renfrow, 112 Mo., 591; Luscher v. Scites, 4 W. Va., 11; Farquharson v. Yeargin, 24 Wash., 549. When the county of Fayette was made a judicial district and when the second judge was added to the Kenton County district, the last enumeration did not show that they had the requisite population; but, although this was true, each may have had in fact the requisite population, and all persons having acquiesced then in the judgment of the Legislature, and the courts having been established and been since recognized, it is too late now for the question to be raised as to what was the population of these counties in fact. When the question is seasonably made, the court will not disturb the legislative finding where it is in doubt as to the truth. And so, when the legislative finding is acquiesced in by the public, the matter cannot be afterwards opened up.

Judgment reversed and cause remanded for further proceedings consistent herewith.

Judges Lassing and Winn dissent from so much of the opinion as holds the act unconstitutional.