## Simpson v. Yocum, et al.

(Decided November 28, 1916.)

Appeal from Henderson Circuit Court.

1. Estoppel—Assent to and Acquiescence in Sale of Real Estate.—One who knows of and takes part in a sale and conveyance of real

estate to another for a valuable consideration and acquiesces therein for thirteen years is estopped from claiming the property under an unrecorded deed of prior date to himself, of which the purchaser had no knowledge.

2.  Deeds—When Invalid—Acceptance.—A deed executed and recorded by the grantor without the knowledge or consent of the grantee is invalid until accepted by the grantee.

L. W. McKEE for appellant.

W. P. MARSH and J. B. SHELBY for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

In December, 1900, M. F. Simpson, mother of appellant, conveyed to appellees, who are the trustees of the Anderson Circuit, M. E. Church, South, in consideration of $400.00, about three acres land upon which there is a dwelling house. This deed was not recorded until November 12, 1901, but not later than in January, 1901, appellees took possession of the lot and residence and it has been used continuously since that time by appellees as a parsonage when the church had a resident minister, and has been rented and controlled by appellees during such time as the church did not have a resident minister.

In July, 1913, appellees desiring to sell the property, and having a purchaser therefor, discovered that there was of record a deed conveying the same property from M. F. Simpson to appellant of date July 23, 1900, and which had been recorded on June 20, 1901. Thereupon appellees requested appellant to join in the deed to the purchaser, but he declined to do so, and then, for the first time, asserted title in himself to the lot, but took no action to dispossess appellees. Appellees filed this action October 29, 1915, against appellant to quiet their title to the property, alleging that the deed to appellant was not of record at the time they purchased the property; that they had no knowledge of its existence; that appellant acted as agent for his mother in the sale to appellees, received the purchase price and consented to the sale, and that he was thereby estopped from asserting title adverse to appellees.

Appellant answered traversing the allegations of the petition.

The conclusion is unavoidable from the evidence that appellant knew of the sale and conveyance of the three-acre lot by his mother to appellees for a valuable consid-

eration, and of appellees' adverse possession of same continuously from the time the deed was made until July, 1913; that he had a part at least in making the sale, consented thereto and acquiesced therein for more than thirteen years. This evidence was amply sufficient to sustain appellees' plea of estoppel, even if appellant had had title under the unrecorded deed to him at the time the deed was made to appellees. 16 Cyc. 723, 10 R. C. L. 695, and Trimble v. King, 131 Ky. 1.

However, appellant testified that the deed to him from his mother was executed and lodged for record by her without his knowledge or consent and that he did not know of its existence until in October, 1905, when the deed accidentally fell into his possession. It is therefore apparent that there was no acceptance upon the part of appellant of the deed to him from his mother until October, 1905, and that it was then too late to be effective against the deed to appellees, since a delivery to and acceptance by the grantee is essential to the validity of a deed. Bunnell v. Bunnell, 111 Ky. 566, and Bell v. Farmers Bank of Kentucky, 74 Ky. 34.

Wherefore the judgment quieting appellees' title is affirmed.