### Holland v. Stubblefield, et al.

(Decided November 29, 1918.)

Appeal from Calloway Circuit Court.

1. Vendor and Purchaser—Bona Fide Purchaser—Notice.—The title of a purchaser for value without notice of a prior unrecorded mortgage is superior to that of the mortgagee, who purchased the property, in an action to enforce the mortgage lien after the deed

was recorded, and to that of a subsequent purchaser who acquired title from the mortgagee's heirs.

2. Officers—Officers De Facto—Acts—Validity.—There is no distinction in law between the official acts of an officer de jure and those of an officer de facto. So far as the public and third parties are concerned, the acts of the one have precisely the same force and effect as the acts of the other.

3. Clerks of Courts—Deputy County Court Clerk—Officers De Facto.—A deputy county court clerk, appointed during the first term of the clerk, and who continued to act as such with the knowledge of his principal and with the acquiescence of the public, without reappointment after his principal had entered on his second term, was a de facto officer.

4. Acknowledgment—De Facto Deputy County Court Clerk—Power to Take.—An acknowledgment of a deed, taken by a de facto deputy county court clerk, was valid where the contracting parties did not know of the officer's disability, and there was nothing in the surrounding circumstances to apprise them of that fact.

JOHN RYAN for appellant.

WELLS & KEYS for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

This suit was originally brought by R. B. Holland against N. T. Hale, to quiet his title to a tract of about one hundred acres of land located in Calloway county. N. T. Hale died and the action was revived against his heirs, Virgie Stubblefield and others. During the progress of the action, A. B. Beale intervened and asserted title to the land in controversy. On final hearing Holland's petition was dismissed and he appeals.

The facts are as follows: About the year 1900, T. J. Tucker executed and delivered to N. T. Hale a mortgage on the land in controversy to secure an indebtedness of one hundred dollars. The mortgage was not put to record. On April 29, 1902, T. J. Tucker deeded the land to R. B. Holland for the recited consideration of $90.00 cash. Holland acquired the land without actual or constructive notice of the mortgage. Very soon after the deed was made to Holland, Hale brought suit to enforce his mortgage lien. Holland was not a party to the action. The land was sold on September 30, 1902. Just before the sale, Holland put his deed to record. He then repaired to the place of sale and announced to the assembled crowd his ownership of the land and the manner in which he held title, and protested against the sale.

However, the sale was made by the master commissioner and N. T. Hale, the mortgagee and plaintiff in that action, became the purchaser. Subsequently a deed was made to Hale but was never recorded. Some time later Hale died and in the division of his estate, the land in question was awarded to Eva Hale, an infant heir. Thereafter, Eva Hale's guardian brought suit for the sale of the land and A. B. Beale became the purchaser.

No question of adverse possession is presented, so the case turns on the title of record. Under our statute, a mortgage, unless lodged for record, is not valid as to a purchaser for value without notice thereof, section 496, Kentucky Statutes. Here the mortgage to Hale was never put to record and it is clear from the evidence that Holland was a *bona fide* purchaser for value. His deed was on record when the land was purchased by Hale in the proceeding brought by the latter to enforce his mortgage lien. Under these circumstances, Holland's title was superior to the title of Hale, and of A. B. Beale who succeeded to the title of Hale and his heirs, unless as claimed by the defendants, the deed from Tucker to Holland was not a recordable instrument.

It is insisted that the deed was not recordable because the acknowledgment of Tucker and wife was taken by a deputy county clerk, who had no authority to act. On this question it appears that the acknowledgment was taken by B. C. Engram, who was appointed a deputy clerk by J. H. Keys during his first term, but the county court orders fail to show that Engram was reappointed a deputy during Keys' second term when the deed was acknowledged. It does appear, however, that Engram continued to act as deputy with the knowledge and acquiescence not only of his principal, but of the public in general. In holding that the deed was not a recordable instrument, the circuit court followed the case of Smith v. Cansler, 83 Ky. 367, where it was held that one who had been a deputy clerk in the county during the first term of the clerk, and who continued to act as such without reappointment after his principal had entered on his second term, was not a *de facto* officer and that an acknowledgment taken before him was not valid. Of course, if this rule be sound, it disposes of the question under consideration, but in view of the fact that it is not supported either by authority or reason, we conclude

that it should no longer be adhered to. The error of the court in that case naturally grew out of its erroneous assumption that the deputy clerk was not an officer *de facto.* It is unnecessary to give all the states of case in which an officer may be regarded as a *de facto* officer, but it is sufficient to say that an officer who holds over after his term of office has expired and continues to perform the duties of the office with the acquiescence of the public is generally regarded as a *de facto* officer. People v. Beach, 77 Ill., 52; Williams v. Boynton, 147 N. Y. 426, 42 N. E. 184; State v. McJunkin, 7 S. C. 21. This principle was clearly recognized in the case of Wilson v. King, 3 Littell, 457. In that case was involved the validity of a bond taken by a deputy sheriff after he had accepted a commission as justice of the peace of the county and had performed many of the duties pertaining to the latter office. Although it was held that the offices of deputy sheriff and justice of the peace were incompatible, and the acceptance of the latter vacated the former, the court further held that inasmuch as the incumbent continued also to exercise the office of deputy sheriff and was so recognized by the court and others, he was a *de facto* deputy sheriff and his acts as such were binding on the public and third parties. In the case under consideration, the county clerk had power to appoint a deputy with power to take acknowledgments. The appointment was made during the first term of the clerk. No new appointment was made by the clerk after his election for the second term, but the deputy continued to act as such with the approval of his principal and with the acquiescence of the public. There can be no doubt then, that the deputy clerk was a *de facto officer.* With that question decided, we are then confronted by the well established rule that there is no distinction in law between the official acts of an officer *de jure* and those of an officer *de facto.* So far as the public and third parties are concerned, the acts of the one have precisely the same force and effect as the acts of the other. 1 R. C. L., sec. 40, p. 268. Indeed, the doctrine has been carried to the extent of holding that the acts of a circuit judge, holding office under an unconstitutional act, were valid as to the public and third parties until the act was declared unconstitutional. Nagel v. Bosworth, Auditor, et al., 148 Ky. 807, 147 S. W. 940. The same rule was applied

to the acts of municipal officers holding office under a void statute. Wendt v. Berry, 154 Ky. 589, 157 S. W. 1115, 45 L. R. A. (N. S.) 1101. There is every reason why the same rule should apply to acknowledgments upon which depend the validity of titles and the security of property rights. Following this rule, we held, in Sousley v. Citizens Bank of Nepton, 168 Ky. 150, 181 S. W. 960, that a notary who held himself out as such, and in good faith continued to execute the duties of his office after his commission had expired, was a *de facto* officer, and an acknowledgment taken before him was valid. Indeed, any other view of the law would place upon the public the burden in every instance of ascertaining the authority of those persons empowered to take acknowledgments, and would probably invalidate thousands of titles which the parties had every reason to believe were valid in every respect. Here the contracting parties did not know of the officer's disability and there was nothing in the surrounding circumstances to apprise them of that fact. We therefore conclude that the acknowledgment was valid. 1 R. C. L., sec. 40, p. 268; Macey v. Stark, 116 Mo. 481, 21 S. W. 1088; Old Dominion Building, etc., Association v. Sohn, 54 W. Va. 102, 46 S. E. Rep. 222; Prescott v. Hayes, 42 N. H. 56; Brown v. Lunt, 37 Maine 423. It follows that judgment should have been rendered in favor of plaintiff.

The case of Smith v. Cansler, *supra,* in so far as it announces a contrary doctrine, is hereby overruled.

Judgment reversed and cause remanded with directions to enter a judgment in conformity with this opinion.