## Healy v. City of Covington et al.

May 27, 1947.

Joseph P. Goodenough and Rodney G. Bryson, Judges.

Stanley Chrisman and Joseph C. Healy for appellant.

John L. Cushing for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming.

On March 28, 1946, appellee Board passed an ordinance levying occupational taxes on persons, firms and corporations engaged in trade, business and professions, fixing amounts, time of payments and penalties for failure to pay. Sec. 103 levied a tax of $25 on each person engaged in the practice of law, an increase over that fixed by prior ordinance. Appellant, engaged in the practice of law, conceiving the ordinance to be invalid, a few days after the tax due date filed petition making the city, its commissioners, and other functional officers defendants.

The pleading alleged that the ordinance was signed at the time of final passage only by Robert F. Moore, "Mayor pro tem," and not by the Mayor or two commissioners as provided in part by KRS 89.540, "Each resolution, measure or ordinance shall be signed by the mayor or by two commissioners and recorded before it shall take effect." There is no charge that it was not recorded.

Appellant pleads that Moore was not Mayor pro tem at the time, therefore, the signing was not in conformity to the law, and stating proper grounds asked for prohibitive relief. The court overruled appellees' demurrer and they answered, first admitting all allegations of the petition, except such as were specifically denied. In a second paragraph the answer alleged that the city does not have, nor has it had, a Mayor since the resignation of Fitzpatrick; that sec. 89.520, KRS, provides that in such event the Mayor pro tem shall act as Mayor and perform his duties; that Moore, under the provisions of the statute supra, acting as Mayor pro tem, was a de facto officer, and that any duty imposed

upon the Mayor by the statutes, "which was performed by him acting as Mayor pro tem constitutes a valid act of the city, and that the signing by Moore fully complied with KRS 89.540, and the same became effective at the time he affixed his signature."

It was further alleged that after the ordinance was attacked, another commissioner signed, thus making it valid and effective under the statute. Plaintiff demurred to paragraph 2 of the answer. The court overruled the demurrer, and there was no further pleading. On submission the court held the answer to have presented two "good defenses," and dismissed the petition.

The section of the statute relating to the election and functions of a commissioner acting as Mayor pro tem, sec. 89.520, KRS provides:

"(1) The board of commissioners shall, at the beginning of its term of office, by a majority vote, elect one commissioner as mayor pro tem.

"(2) During the temporary absence from the city or disability of the mayor, the mayor pro tem shall be vested with all the powers and perform all the duties of the mayor.

"(3) In case of the death, resignation or permanent disability of the mayor, the mayor pro tem shall act as mayor and receive his salary, under the official title of mayor pro tem, until the vacancy in the office of mayor is filled by an election ordered by the board of commissioners for that purpose. At that time, the mayor pro tem, if his term as commissioner has not yet expired, shall resume his duties as commissioner."

The chancellors found the questions presented for determination: (1) Was Moore a de facto Mayor pro tem when the ordinance was signed? (2) Did the later signing by another Commissioner constitute compliance with KRS 89.540? Both questions were answered in the affirmative.

It is unnecessary to incorporate fully here the situation and status of Moore and the Board, at the time of the act involved here, since a reference to Culbertson v. Moore, 302 Ky. 768, 196 S. W. 2d 308, 309, carries a full and complete picture, but we may say that it was shown that Moore was elected Mayor pro tem in December

1945. The Mayor (Fitzpatrick) who had a four year term, because of his election as sheriff in 1945, resigned on January 2, 1946. Moore was re-elected in 1945; at the same time Culbertson and two other commissioners were elected. A failure to elect a pro tem Mayor at the first meeting persisted until March 19, 1946, when because of the deadlock the Governor appointed Culbertson, who took oath on the next day. Moore still insisted that he was Mayor pro tem. We said in the Culbertson opinion: "At all times after December 27, 1945, appellee (Moore) assumed to act as Mayor pro tem, claiming after January 7, 1946, that he held over under his election on December 27, 1945," and that since he was reelected in 1946, he should under the 1945 pro tem election hold the office "until the vacancy in the office of Mayor is filled by an election ordered by the board of commissioners for that purpose." The chancellors held that the language of the section relative to tenure of a Mayor pro tem meant that such officer would assume the duties of office until such time as the Mayor should be elected "by an election ordered by the Board, if that election was held during the holder's term of office." We can perceive how Moore might reasonably put his construction on the language of the statute, since he was reelected and continued to hold as Commissioner. However, the Culbertson opinion we think correctly held that Moore was undertaking to usurp the office later awarded to Culbertson.

But the fact that he was not legally entitled to the office when he signed the ordinance, which fact was not finally determined until our opinion of October 1946, does not serve to make the ordinance invalid. The rule is that official acts of de facto officers performed in good faith, are made valid from motives of public policy; to preserve the rights of third persons and the general public. And another well-established rule is that the acts of a de facto officer will not be upset in a collateral proceeding nor be declared void. The cases are so numerous in thus holding that a citation of the few following will suffice: Reuter v. Meacham Contracting Co., 143 Ky. 537, 136 S. W. 1028, Ann. Cas. 1912D, 265; Wendt v. Barry, 154 Ky. 586, 157 S. W. 1115, 45 L. R. A., N. S., 1101, Ann. Cas. 1915C, 493; Ball v. George M. Eady Co., 193 Ky. 813, 237 S. W. 670; Holland v.

858

Stubblefield, 182 Ky. 282, 206 S. W. 459; Nagel v. Bosworth, 148 Ky. 807, 147 S. W. 940; Barton v. Bradford, 264 Ky. 480, 95 S. W. 2d 6; Schaffield v. Hebel, 301 Ky. 358, 192 S. W. 2d 84; McKenna v. Nicols, 295 Ky. 778, 175 S. W. 2d 1121.

The recent case of Martin v. Stumbo, 282 Ky. 793, 140 S. W. 2d 405, 407, is strikingly applicable. There a money judgment had been signed by a pro tem county judge, appointed in a manner not authorized by law. The debtor enjoined levy of an execution on the ground that the judgment was void because signed by one without legal authority. We held that the pro tem judge was not appointed according to law, but said: "It does not follow, however, that the judgment was void because rendered by one who was not regularly selected as special judge of the quarterly court. The pro tem county judge who rendered the judgment was acting under an appointment which he believed, and has generally been believed, constituted him pro tem judge of the quarterly court. Pursuant to this appointment, he had taken possession of the office and was therefore acting under color of title, that is, under semblance of authority, although the authority was actually lacking, and is considered as a de facto judge; his acts as such are not void, but are valid and binding." (Citing cases not included in above citations.)

We agree with the chancellors that Moore was acting in good faith when he signed the ordinance, and under color of title, and that his signature as Mayor pro tem was sufficient to render it valid. Our conclusion on this point obviates necessity for consideration of the second point.

Judgment affirmed.