**FIDELITY & DEPOSIT COMPANY OF MARYLAND, a corporation, Plaintiff,**

v.

**I. M. COMBS et al., Defendants.**

**No. 247.**

United States District Court
E. D. Kentucky.

Sept. 18, 1959.

Stoll, Keenon & Park, John L. Davis, Lexington, Ky., for plaintiff.

Grannis Bach, Jackson, Ky., Redwine & Redwine, Winchester, Ky., F. T. Allen, J. Douglas Graham, E. L. Miller, Campton, Ky., for defendants.

HIRAM CHURCH FORD, Chief Judge.

By this action, which is in the nature of an interpleader under 28 U.S.C. § 1335, the Plaintiff invokes the jurisdiction of the Court for the determination of controversies existing between the plaintiff and defendants in respect to the liability of plaintiff as surety upon an official bond of I. M. Combs as Master Commissioner of the Circuit Court of Wolfe County, Kentucky.

At the time of the trial of the case before the Court on June 15, 1959, the parties presented and filed the following stipulation:

"It is stipulated by and between the parties that I. M. Combs in the case of Rose v. Bryant received the sum of $1360.39 on August 2, 1954, for which he has failed to properly account to the persons entitled thereto; in the case of David C. Miller v. Geraldine Miller Fruth, I. M. Combs received the sum of $4400.00 which he has retained and converted to his own use since May 8, 1957; in the case of Willie Drake v. Dudley Drake, I. M. Combs has failed to account to Letha Creech in the sum of $544.10, to Cinda Feltner in the sum of $544.10 and to Dudley Drake in the sum of $169.60 as ordered paid by the Master Commissioner by order of July 5, 1957, and no part of which has been accounted for to the parties entitled thereto.

"It is further stipulated that the amounts above stated are the only amounts remaining due and payable by I. M. Combs, as Master Commissioner of Wolfe Circuit Court, on account of any claims asserted in this action against him or his surety."

No testimony was introduced or offered tending to establish any claims against the plaintiff other than those set out in the Stipulation. The Court accepted the facts so stipulated and finds the facts accordingly.

Further facts disclosed by the record are that defendant I. M. Combs served as Master Commissioner of the Wolfe Circuit Court by order of June 20, 1951, which appeared to constitute his appointment for the unexpired term of his predecessor who had resigned. He continued to serve under that appointment until June 20, 1952, when, by order of that date, he was reappointed to the office of Master Commissioner without express designation of the extent of his term of office.

Under the authority of Section 107 of the Constitution, the General Assembly of Kentucky enacted Section 27.010 of the Kentucky Revised Statutes providing as follows:

"27.010. Master commissioner for circuit court; appointment; term; bond. (1) Each circuit court shall appoint a master commissioner and may remove him and appoint another, but no master commissioner shall continue in office more than four years without a reappointment.

"(2) The master commissioner shall execute a bond with surety approved by the court. The bond shall be recorded in court. * * *"

The original bond to secure the faithful performance of his duties by Mr. Combs was in the penal sum of $2,500. The penal sum of his bond was increased to $10,000 by order of April 12, 1952, and an additional bond in the penal sum of $7,500 was executed effective from and after April 12, 1952. On June 27, 1953, the penal sum of the bond was reduced to $5,000.

It is stated in the Second Amended Complaint that in addition to premiums previously charged and received on account of the bonds of Mr. Combs, "On June 18, 1953, the premium charged was $50.00, which was for a $5,000 bond *and a like charge of $50.00 was made annually each year including the last year beginning on June 18, 1957.*" (Italics add-

ed.) Upon each of the above mentioned bonds the plaintiff was surety and each of them was conditioned for the faithful performance of his duties as Master Commissioner and specifically for the payment of all moneys that might come into his hands as such Master Commissioner to all persons entitled thereto.

■ During the four year term of Mr. Combs as Master Commissioner under his appointment of June 20, 1952, he failed to account for the sum of $1,-360.39 which he received in the case of Rose v. Bryant, on August 2, 1954. The surety is clearly liable for that amount.

It is contended by plaintiff, however, that the surety is not liable for the sum of $4,400 which Mr. Combs received as Master Commissioner on May 8, 1957, in the case of David C. Miller v. Geraldine Miller, et al., and the amounts which he received on July 5, 1957, in the case of Willie Drake v. Dudley Drake, for all of which he has failed to account. Liability for these amounts received by Mr. Combs during the year 1957 is denied by the surety on the ground that the term of office of the Master Commissioner expired on June 20, 1956, and the receipt thereof by Mr. Combs was not in his authorized official capacity.

Although no appointment of I. M. Combs as Master Commissioner after the expiration of four years from his appointment of June 20, 1952, is shown by the record, nevertheless, no successor having been appointed to the office he continued openly in occupation of the office of Master Commissioner discharging its duties in that capacity throughout the year 1957 and in the course of the performance of such duties he collected the funds above referred to.

In the order of distribution entered in the case of Willie Drake v. Dudley Drake on July 5, 1957, a copy of which is filed herein with the Second Amended Complaint of the plaintiff as Exhibit "I", the Court said: "This day came I. M. Combs, Commissioner of this Court * * *," and in the order entered on December 16, 1957, in the case of Miller v. Fruth, filed as Exhibit "K", the Court said: "The Court finds that the Master Commissioner in accepting the payment of money by the purchaser Albert Halsey was acting with the authority of the Court." It thus appears that the continued service of I. M. Combs as Master Commissioner during the year 1957 was with the approval and acquiescence of the Court.

■ The question is thus presented whether the above facts are sufficient to constitute the defendant I. M. Combs Master Commissioner de facto at the time he received and misappropriated the money in the above mentioned cases in 1957.

■ In Waite v. City of Santa Cruz, 184 U.S. 302, at page 323, 22 S.Ct. 327, at page 334, 46 L.Ed. 552, the Supreme Court considered what facts are sufficient to constitute a de facto officer, saying:

"* * * A de facto officer may be defined as one whose title is not good in law, but who is in fact in the unobstructed possession of an office and discharging its duties in full view of the public, in such manner and under such circumstances as not to present the appearance of being an intruder or usurper. When a person is found thus openly in the occupation of a public office, and discharging its duties, third persons having occasion to deal with him in his capacity as such officer are not required to investigate his title, but may safely act upon the assumption that he is a rightful officer."

That the above stated rule is likewise the rule in Kentucky is shown by the following statement in Holland v. Stubblefield, 182 Ky. 282, 285, 206 S.W. 459, 460:

"* * * In the case under consideration, the county clerk had power to appoint a deputy with power to take acknowledgments. The appointment was made during the first term of the clerk. No new appointment was made by the clerk

after his election for the second term, but the deputy continued to act as such with the approval of his principal, and with the acquiescence of the public. There can be no doubt, then, that the deputy clerk was a *de facto officer*. With that question decided, we are then confronted by the well-established rule that there is no distinction in law between the official acts of an officer *de jure* and those of an officer *de facto*. So far as the public and third parties are concerned, the acts of the one have precisely the same force and effect as the acts of the other."

In respect to actions on bonds required by law for the discharge or performance of the duties of a public office, section 62.070 of the Kentucky Revised Statutes provides:

"* * * Recovery on the bond shall not be restricted to duties or responsibilities belonging to the office, trust or employment at the date the bond is executed, but may include any duties or responsibilities thereafter imposed by law or lawfully assumed."

The fact is made quite clear by the record that throughout the year 1957 I. M. Combs remained in unobstructed possession of the office as Master Commissioner, discharging its duties in full view of the public in such manner as not to present the appearance of being an intruder or usurper and under such circumstances that third persons having occasion to deal with him in his capacity as such officer could safely act upon the assumption that he was a rightful officer. In view of these facts, I am of the opinion that during the year 1957 I. M. Combs occupied the office of Master Commissioner, *de facto*, with knowledge of the plaintiff or under such circumstances as would have disclosed such fact to plaintiff had it exercised ordinary care, and under his bond which admittedly was in effect during that period the plaintiff as his surety is liable for the funds so collected during that year to the extent of $5,000, the penal sum of the bond then

in force. City of Middlesboro v. American Surety Company of New York, 306 Ky. 367, 211 S.W.2d 670. To hold otherwise would be contrary to the well established doctrine of equitable estoppel under the law of Kentucky for it would allow the plaintiff, as surety, to maintain a position not only unconscionable in its effect upon innocent third parties but inconsistent with one in which it acquiesced and for which it received the benefit.

In Hicks v. Combs, 311 Ky. 149, 152, 223 S.W.2d 379, 381, 11 A.L.R.2d 1393, the Court said:

"The doctrine of equitable estoppel is applied to transactions in which it would be unconscionable to permit a person to maintain a position which is inconsistent with one in which he has acquiesced. Simpson v. Yocum, 172 Ky. 449, 189 S.W. 439; 19 Am.Jur., Estoppel, sec. 62. A party may be estopped to insist upon a claim or take a position which is inconsistent with an admission or denial of a fact which he has previously made or with a course of conduct in reliance upon which the other party changed his position to his detriment or prejudice. This principle overlaps another. *Where one accepts and retains benefits of a transaction or of an instrument which he was not required to take, an estoppel operates to prevent the party that benefited* from questioning the validity of the transaction or basis of it." (Italics added.)

The cases relied upon by plaintiff in support of its position do not appear to involve the same facts or present the same question here under consideration. None of them seem to present the question of the liability of the surety on an official bond which was voluntarily renewed or continued in effect by the surety's acceptance of premium covering the period during which the officer was openly and publicly performing the duties of his office as a *"de facto"* officer with knowledge of the surety or under such circumstances as would have disclosed

such fact to the surety by the exercise of ordinary care.

There seems to be no dispute as to the particular persons to whom the funds referred to in the Stipulation are payable. Let a judgment be entered in their favor, respectively, in conformity herewith.