Shawn R. GOURLEY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Sarah Gourley, Appellant,

v.

Commonwealth of Kentucky, Appellee.

Nos. 2009–CA–001098–MR, 2009–CA–001121–MR.

Court of Appeals of Kentucky.

Aug. 6, 2010.

Discretionary Review Denied by Supreme Court April 13, 2011.

Gorman Bradley, Jr., L. Miller Grumley, Jeremy Ian Smith, Paducah, KY, for Appellants.

Jack Conway, Attorney General of Kentucky, James C. Shackelford, Assistant Attorney General, Frankfort, KY, for Appellee.

Before TAYLOR, Chief Judge; COMBS and NICKELL, Judges.

## OPINION

COMBS, Judge:

Shawn and Sarah Gourley appeal their convictions in the Carlisle Circuit Court. After careful review, we affirm.

On June 19, 2008, pursuant to a warrant signed that same day, Kentucky State Police executed a search of the Gourleys' residence. KSP discovered ninety-two marijuana plants and nine firearms. A small amount of methamphetamine was found in Shawn's truck. Following their indictment, the Gourleys filed a motion to suppress the evidence, which was denied. Following a jury trial, Shawn was convicted of: cultivation of marijuana, five or more plants; use or possession of drug paraphernalia, first offense; and possession of a controlled substance, methamphetamine in the first degree, first offense. He was sentenced to ten-years' incarceration. Sarah was convicted of possession of marijuana and was ordered to pay a fine of five hundred dollars. The Gourleys both appeal, arguing that the court erred in denying the motion to suppress the evidence obtained in the search.

In reviewing a ruling on a motion to suppress, we must defer to the factual findings of the trial court if they are supported by substantial evidence. Kentucky Rule(s) of Criminal Procedure (RCr) 9.78 provides that, "If supported by substantial evidence the factual findings of the trial court shall be conclusive." However, with respect to the trial court's application of the law to the facts, our review is *de novo.* *Lynn v. Commonwealth,* 257 S.W.3d 596, 598 (Ky.App.2008). In this case, since the parties do not dispute the facts, our review is *de novo.*

Unreasonable searches and seizures are prohibited by the Fourth Amendment of the United States Constitution and Section 10 of Kentucky's Constitution. Any evidence obtained in an illegal or unreasonable search is not admissible in court. *Wilson v. Commonwealth,* 37 S.W.3d 745, 748 (Ky.2001). *See also Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). "Inherent in this protection is the guarantee that the determination of probable cause to search is to be made by a neutral issuing authority[.]" *Commonwealth v. Brandenburg,* 114 S.W.3d 830, 832 (Ky.2003) (internal citations omitted). Thus, the validity of the search warrant is *a priori* a critical issue.

The Gourleys argue that the warrant to search their property was invalid because Bourke Mantle, the trial commissioner who signed the warrant, was not qualified by law to be serving as trial commissioner.

Mantle was appointed to be trial commissioner in Carlisle County on December 6, 1996, *nunc pro tunc* to October 15, 1996,

by District Court Judge Keith Myers.[1] The appointment was made pursuant to Supreme Court Rule (SCR) 5.010, which mandates that "[i]n each county in which no district judge resides, the chief judge of the district shall appoint a trial commissioner subject to the approval of the Chief Justice." *See also* Ky. Const. § 113(5).

At the time of the appointment, Judge Myers was serving an unfinished term due to the retirement of his predecessor. After Judge Myers was elected to a full term in 1999, he did not re-appoint Mantle. Nonetheless, Mantle continued serving *de facto* as trial commissioner throughout that term—as well as throughout Judge Myers's subsequent terms beginning in 2000, 2004, and 2008. Mantle was not re-appointed at the beginning of any of those terms.

■ The Gourleys argue that because Mantle was not re-appointed and did not take the oath of office as required by Section 228 of the Kentucky Constitution, he had actually acted criminally in performing as trial commissioner, rendering invalid the warrant that he signed. Section 228 requires the taking of the oath and sets forth the specific language of Kentucky's colorful oath of office. Its mandate is repeated and reinforced statutorily by Kentucky Revised Statute(s)(KRS) 62.010, which provides as follows:

(1) No officer shall enter upon the duties of his office until he takes the oath required of him by law.

(2) Each person elected to an office shall take the oath of office on or before the day the term of office to which he has been elected begins. . . .

(3) Each person appointed to an office shall take the oath of office within thirty (30) days after he receives notice of his appointment.

Noncompliance with KRS 62.010 constitutes a misdemeanor. KRS 62.990. Furthermore, "[i]f any person violates KRS 62.010(2) or (3) before January 1, 2010, his or her office shall be considered vacant." KRS 62.990(2)(a). The Gourleys observe that "when a warrant is signed by someone who lacks the legal authority necessary to issue search warrants, the warrant is void *ab initio*." *U.S. v. Scott,* 260 F.3d 512, 515 (6th Cir.2001).

■ On the other hand, the Commonwealth argues that the warrant was valid because Mantle was serving as a *de facto* officer. A *de facto* officer is defined as follows:

one who is in the actual possession and administration of the office, under some colorable or apparent authority, although his title to the same . . . is in reality invalid, or at least formally questioned.

*Trimble County Fiscal Court v. Trimble County Bd. of Health,* 587 S.W.2d 276, 281 (Ky.App.1979) (quoting Black's Law Dictionary, 1235 (4th ed.1951)).

Pertinent to this case, the former Court of Appeals, the predecessor to our present Supreme Court, held that, "an officer who holds over after his term of office has expired and continues to perform the duties of the office with the acquiescence of the public is generally regarded as a de facto officer." *Holland v. Stubblefield,* 182 Ky. 282, 206 S.W. 459, 460 (1918). This concept is precisely applicable to the case before us. In 1996, Mantle was appointed, took the oath of office, and assumed the duties of trial commissioner. He has been recognized as the trial commissioner ever

---

1. Two different spellings (Myers and Meyers) appear in the briefs and various orders in the appendices. The correct spelling is "Myers."

since. Neither party asserts that anyone else in the community has sought to serve in the office during his tenure.

We agree with the Commonwealth that, in general, courts will recognize the acts of *de facto* officers as valid. *Schaffield v. Hebel*, 301 Ky. 358, 192 S.W.2d 84, 87 (1946). This reasoning is based on the public policy interest in preserving "the rights of third persons and the general public." *Healy v. Covington*, 304 Ky. 854, 202 S.W.2d 725, 727 (1947).

The Supreme Court of the United States has more recently discussed the public policy interest underlying and justifying the concept of a *de facto* officer. In *Ryder v. U.S.*, 515 U.S. 177, 180, 115 S.Ct. 2031, 2034, 132 L.Ed.2d 136 (1995), the Supreme Court reasoned that the doctrine prevents:

> chaos that would result from multiple and repetitious suits challenging every action taken by every official whose claim to office could be open to question, and seeks to protect the public by insuring the orderly functioning of the government[.]

In harmony with the analysis of the U.S. Supreme Court, Kentucky law makes "no distinction ... between the official acts of an officer de jure and those of an officer de facto. So far as the public and third parties are concerned, the acts of the one have precisely the same force and effect as the acts of the other." *Holland v. Stubblefield, supra.*

The Gourleys contend that because Mantle had not been appointed and sworn in to his current "term" when he signed the warrant, he could not be a *de facto* officer. In so arguing, they rely on *Creighton v. Commonwealth*, 83 Ky. 142 (Ky.1885). However, in *Creighton*, the officer at issue had *never* legally entered office. In contrast, Mantle had at one time been legally appointed and sworn into office. In *Feck v. Commonwealth*, 264 Ky. 556, 95 S.W.2d 25 (Ky.1936), the predeces-

sor of our present Supreme Court held that a special judge who continued to preside over a trial after his term expired was acting as a *de facto* judge. Because the special judge had been lawfully appointed, "his continued action ... [was] performed under color of right and authority so as to immunize it against attack based upon the ground that it was absolutely void ab initio." *Id.* at 27.

The Gourleys contend that Mantle's lack of qualification rendered the warrant void *ab initio*. However, we are persuaded that because of his *de facto* authority as described in *Holland* and *Feck*, the warrant was indeed valid. Therefore, the trial court did not err in its denial of the Gourleys' motion to suppress.

We decline to address the Commonwealth's argument concerning the good faith exception for warrants. If an alleged error concerns the qualifications of the magistrate who signed a warrant, the good faith exception does not apply. *Dixon v. Commonwealth*, 890 S.W.2d 629, 632 (Ky. App.1994).

Accordingly, we affirm the Carlisle Circuit Court.

ALL CONCUR.