**Kelley ASBURY, Petitioner,**

v.

**Hon. J. G. M. ROBINSON, Judge, Division II, Boyd Circuit Court, Respondent.**

Court of Appeals of Kentucky.

Dec. 16, 1966.

Kelley Asbury, Asbury & Asbury, Catlettsburg, for appellant.

Ben B. Fowler, Frankfort, John M. Williams, Ashland, for appellee.

CLAY, Commissioner.

This is an original proceeding in this Court seeking an order prohibiting respondent, a judge of the Boyd Circuit Court, from acting in that capacity on the ground that the act authorizing his appointment is unconstitutional. No question is raised concerning the propriety of this procedure,

which we accepted as appropriate in Harrod v. Meigs, Ky., 340 S.W.2d 601. Respondent raises a question of timeliness in bringing this suit, but we do not consider this a sufficient defense.

In 1966 the legislature authorized an additional judge for the Thirty-second Circuit Court District, which theretofore had been established as Boyd County. KRS 24.046. Section 4 of Senate Bill 191, which created this additional judgeship, provided for the appointment of a new judge and it is not questioned that respondent was properly appointed thereunder. The issue presented is whether this legislation was invalid as violating section 138 of the Kentucky Constitution. That section in its entirety provides:

"Each county having a city of twenty thousand inhabitants, and a population, including said city, of forty thousand or more, may constitute a district, and *when its population reaches seventy-five thousand, the General Assembly may provide that it shall have an additional Judge*, and such district may have a Judge for each additional fifty thousand population above one hundred thousand. And in such counties the General Assembly shall, by proper laws, direct in what manner the court shall be held and the business therein conducted." (Emphasis added.)

The following facts we consider established by the record before us. Boyd County has a total population of less than 75,000. Considering the industrial character of the county, the substantial increase in court business and other factors, from the standpoint of proper judicial administration an additional judge is needed in this judicial district.

It is petitioner's contention that, regardless of other considerations, the legislature lacked the power to create another judgeship for this district because Boyd County did not have a population of at least 75,000, as required by section 138 of the Constitution. As we shall see, that section has an interesting case history.

At first blush, section 138 would seem to require the specified population, and it was so held in Nagel v. Bosworth, 148 Ky. 807, 147 S.W. 940. That decision was expressly based upon Scott v. McCreary, Governor, 148 Ky. 791, 147 S.W. 903, decided the preceding day. The latter case involved the construction of the first part of section 138 relating to the creation of judicial *districts*. The legislature had attempted to convert Franklin County into a single judicial district when it did not have, as section 138 provides, a population of at least 40,000. This Court ruled the statute unconstitutional. There was a strong dissenting opinion, which we will refer to later. The Scott case was followed in Nolan v. Jones, 215 Ky. 238, 284 S.W. 1054.

In Runyon v. Smith, 308 Ky. 73, 212 S.W. 2d 521, decided in 1948, the reasoning in the Scott case was repudiated, and it and the Nolan case were effectively overruled. The Runyon decision was followed in Harrod v. Meigs, Ky., 340 S.W.2d 601, and in that case, as in the Runyon case, this Court adopted the *dissenting opinion* of the Scott case as constituting the correct view of the constitutional question involved. These decisions knocked the props from under the Nagel case, which had construed section 138 in isolation.

The following is a brief summary of the reasoning followed in the Runyon and Harrod cases with respect to the construction of section 138. The various sections relating to the creation and alteration of judicial districts must be read together. Section 128, relating to the original creation of judicial districts, directed the legislature to have "due regard to territory, business and population". Section 132 authorized the legislature "when deemed necessary" to establish additional districts. Section 138 makes no reference to "territory", "business" or "necessity," but instead specifies a county population figure (of 40,000 or more) which would authorize the legislature to convert it into a single distict. Such specification was construed to mean that, regardless of other considerations (such as territory, business or necessity), the legislature could create a single county judicial district if the stated population condition existed. This did not, however, rule out the right of the legislature to adopt the criteria set forth in sections 128 and 132 *in lieu* of the population yardstick.

If, as has been decided, the legislature may consider other pertinent (and very practical) factors in determining the necessity for the creation of an additional *district*, regardless of population, by the same token it has the authority to create another *judgeship* in an existing district. This is so because the language of section 138 relating to the single county district and the additional judgeships is substantially similar, and the obvious objective sought, from the standpoint of proper judicial administration, is the same. We therefore are of the opinion that the Runyon and Meigs decisions are dispositive of the question presented. It is unnecessary for us to invoke other constitutional provisions, such as the Sixth Amendment to the United States Constitution and section 14 of our Kentucky Constitution, which recognize every person's right to prompt judicial recourse and disposition, although this consideration is a significant one.

It may be observed that the preamble to the statute under attack referred to "the right of all persons to a speedy trial", and also recited that the General Assembly was giving due regard to territory and business as well as population in creating this additional judgeship. The practical necessity for the additional judicial service provided is not questioned. Bearing in mind that we should uphold this legislation unless it clearly violates our Constitution, we have no hesitancy in declaring the act in question was not prohibited by section 138 of the Constitution.

The prohibition relief prayed for in the petition is denied.