## Watkins v. Snyder.

(Decided June 6, 1912.)

### Appeal from Whitley Circuit Court.

1. Judicial Districts—Legislative Act Creating—Cutting off County in Which Commonwealth's Attorney Lived.—The legislature in creating a new judicial district, having cut off the county in which the Commonwealth Attorney of one of the old districts lived, provided that he should be the Commonwealth Attorney of the new district. Held, That the Commonwealth Attorney is entitled to serve out his term as provided in the act.

2. New District—What Legislature May Provide in Creating.—The legislature in creating a new district may provide such details as are necessary to carry the act into effect without confusion in the public business.

T. Z. MORROW, H. H. TYE, R. S. ROSE for appellant.

A. C. VANWINKLE, H. C. GILLIS and J. N. SHARP for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

At the regular November election, 1909, Joseph Snyder, who resides in Whitley County, was elected Commonwealth's Attorney for the twenty-sixth judicial district for a term of six years. The district was then composed of the counties of Harlan, Whitley and Bell. The twenty-seventh judicial district was then composed of the counties of Clay, Jackson, Laurel and Knox. By an act of the Legislature, approved March 16, 1910, the thirty-fourth judicial district was created, consisting of the counties of Knox and Whitley; that is, by the act, Whitley County was taken out of the twenty-sixth district and Knox out of the twenty seventh district and these two counties constituted the thirty-fourth district. The act contained, among other things, these provisions:

"No. 2. The Hon. William T. Davis, present judge of the twenty-sixth judicial district, shall be and remain during the term of office for which he was elected judge of the twenty-sixth judicial district as changed by this act.

"The Hon. William Lewis and Hon. J. B. Cloyd shall be and remain Judge and Commonwealth's Attorney, respectively, of the twenty-seventh judicial district as changed by this act, during the term of office for which they were elected Judge and Commonwealth's Attorney, respectively.

"The Hon. Joseph B. Snyder, of Whitley County, Kentucky, at present Commonwealth's Attorney for the 26th judicial district, shall be for the remainder of the term for which he was elected, Commonwealth's Attorney of the 34th judicial district consisting of the counties of Knox and Whitley as created by this act.

"The Governor shall appoint a judge of the thirty-fourth judicial district, as constituted by this act, who shall hold his office until his successor is elected and qualified at the regular November election in such district in the year 1911.

"The Governor shall appoint a Commonwealth's Attorney for the twenty-sixth judicial district, as constituted under this act, who shall hold his office until his successor is elected and qualified at the regular November election in such district in the year 1911." (Acts of 1910, page 73.)

Snyder has continued to act as Commonwealth's Attorney of the thirty-fourth judicial district pursuant to the statute, and this action was brought against him by J. K. Watkins, who alleged in his petition, that the circuit judge entered an order for an election for Commonwealth's Attorney for the district to be held at the November election, 1911; that notice was given and the election held; that he and R. L. Pope were candidates for the office; that in Knox County Pope received 967 votes and he received 53 votes; that in Whitley County Pope received 1,396 votes and he received 2,648 votes; that as a result of this he was duly elected to the office of Commonwealth's Attorney for the district; that the election returns were canvassed by the county commissioners of Whitley and Knox Counties, who forwarded their certificate to the Secretary of State and that either the Secretary of State refused to lay the certificate before the State Board of Election Commissioners or they

failed to notice it and in this way nothing was certified to the Governor and Watkins, for that reason, has not been able to obtain a commission from the Governor; but that he has qualified by taking the oath of office and that Snyder refused to surrender the office. The circuit court sustained a demurrer to his petition and the action having been dismissed, he appeals.

The demurrer to the petition was properly sustained for the reason that the plaintiff must recover, if at all, on the strength of his own title, and he shows no right in himself to the office. He has neither a certificate of election from the proper authorities nor a commission from the Governor. Although he received a majority of the votes cast at the election and although the election was valid in every other respect, still he is not entitled to be inducted into office until the result of the election has been determined in the manner prescribed by law. If any officer has failed to do his duty in the premises, his remedy is by mandamus against that officer.

In the second place, there was no vacancy in the office of Commonwealth's Attorney to be filled at the November election in 1910, in that district. Snyder had been elected as Commonwealth's Attorney of a district of which his home county, Whitley, was a part. In creating a new district, the Legislature had the power to add a county or take away a county from Snyder's district, and if it had, without other change, added Knox County to Snyder's district he would have been Commonwealth's Attorney of the whole district, including Knox County, up to the end of his term. The fact that two of his counties were taken out of his district and the name of his district changed, does not affect the result. He had been elected Commonwealth's Attorney for a term of six years, and in cutting the district in two the Legislature may prescribe in which district he should act for the remainder of his term.

In Adams v. Roberts, 119 Ky., 364, Adams resided in Magoffin County and this county was cut from his district and put into a new district. It was held that Adams could change his residence to one of the counties of his old district and continue to hold his office. The decision goes no further, there being nothing more before the court. The Legislature provided in that act that Adams should have the right to serve his term out in his old district. We also had the matter before us in the case of Fields v. Eversole on a motion to reinstate an injunc-

tion. In that case Fields was elected Commonwealth's Attorney of the twenty-sixth judicial district composed of the counties of Bell, Harlan, Letcher and Perry. During his term an act was passed by which the counties of Bell, Harlan and Whitley composed the twenty-sixth district and Letcher, Perry, Leslie and Owsley composed the thirty-third district which was created by the act. The act provided that Fields, who lived in Letcher county, should remain Commonwealth's Attorney for the thirty-third district. Eversole, who alleged that he had been elected Commonwealth's Attorney in the thirty-third district, brought an action to compel the election commissioners to give him a certificate. Fields intervened and obtained an injunction restraining the commissioners. The court dissolved the injunction and a motion was made to reinstate it; though we refused to reinstate the injunction for other reasons, in passing upon the matter, we said:

"All concur in the opinion that there was no vacancy in the office of Commonwealth's Attorney for the 33rd judicial district to be filled at the November election, 1907, because Fields could not be legislated out of the office of Commonwealth's Attorney by the act creating the new district."

By section 134, of the Constitution, the judicial districts of the State may be changed upon the establishment of a new district. The power conferred upon the Legislature to change the districts includes and carries with it the power to work out the details by which the change may be carried into effect without inconvenience or confusion in the public business. In the case before us, Snyder was entitled to serve as Commonwealth's Attorney for six years and as his district had been cut in two, the Legislature had a right to determine which of the new districts, so far as he was concerned, should be regarded as his old district. The same act that names the district the "thirty-fourth" also provides, in substance, that it shall be the district of Snyder as Commonwealth's Attorney, as he lived in that district. The fact that the district is numbered the thirty-fourth instead of the twenty-sixth, as theretofore, is immaterial, for the Legislature can, at any time, change the numbering of the districts at will.

Judgment affirmed.