## Douglas et al. v. Pittman et al.

(Decided June 12, 1931.)

J. E. WISE for appellants.

JAMES & JAMES for appellees.

OPINION OF THE COURT BY JUDGE BRATCHER.—Affirming.

This is an appeal from the Hardin circuit court under Declaratory Judgment Act (Civil Code of Practice, secs. 639a-1 to 639a-12 ) to determine who were the legal members of the city board of education of the city of Elizabethtown; it being a fourth class city. The appellants, A. H. Douglas and Will Bethel and the appellees, Mrs. Ida Pittman, S. P. Bale, R. E. Day, and Mrs. Katie Mobley, were prior to the acts complained of, the duly elected, qualified, and acting members of the city board of education.

The petition filed by Mrs. Pittman and S. P. Bale alleges that A. H. Douglas, R. E. Day and William Bethel, while members of the city board of education, became interested in contracts with, and claims against, the board; that they thereby vacated their offices. The peti-

tion alleged that A. H. Douglas was president of the Victory Motor Company; that R. E. Day was a member of the firm of Day & Hays Insurance Agency, and that William Bethel was a member of the firm Hart & Bethel; that the three above-named members have been interested directly or indirectly in the sale of property to the board of education of the city; that by section 3587a-4, Kentucky Statutes, these acts render their respective offices vacant without further action.

It further averred that on the 7th day of March, 1931, A. H. Douglas, as chairman of the city board of education, undertook to declare the office of R. E. Day vacant, and attempted to appoint S. H. Jones as his successor. It alleges S. H. Jones is claiming to be a member of the board of education without right or authority. It further alleges that there is not a sufficient number of the members of the board of education of said city to transact the business of the board, and that the schools maintained in the city are likely to suffer if this controversy is not speedily settled; that S. P. Bale, R. E. Day, A. H. Douglas, and S. H. Jones are threatening to and are acting as members of the said board of education, and will contiue, unless enjoined by the court, and they asked for an injunction enjoining the above members from acting in the capacity of members of said board of education. The petition asked for a declaration of the rights and judgment as to (1) whether or not, by his act, the defendant, A. H. Douglas, has vacated his office; (2) whether or not the defendant R. E. Day has vacated his office; (3) whether or not by his act William Bethel has vacated his office; (4) in the event any vacancy or vacancies should exist, by whom the same should be filled; (5) as to whether or not under the circumstances the three members of the board of education can order and direct the payment of bills and teachers' salaries.

A. H. Douglas, William Bethel, and S. H. Jones filed their joint answer, which was a traverse of the material allegations of the petition denying that they or either of them had at any time been interested in claims or contracts with the board of education while they had been members thereof. Mrs. Katie Mobley filed her answer, in which she denies having any interest in the questions involved in this action, and stated that she was ready and willing to act and fill all vacancies and perform all duties incumbent upon her as a member. After the parties

550

introduced their proof, this cause was submitted to the court for judgment. The evidence shows that A. H. Douglas was president of the Victory Motor Company; that he owned one-third of the stock in that corporation. The Victory Motor Company had sold to the board of education of Elizabethtown several articles, one being a lawnmower for $16.85. Another bill for five gallons of shellac for $16.50; another bill for five gallons of shellac for $15.75; and a number of smaller bills. It is shown by the original exhibits that these claims were allowed and upon the bill is noted the number of the check given in payment.

Hart & Bethel is a dry goods firm. The original bills introduced as exhibits, and are here, shows one bill for $2, dated 2/16/28, one for $11.70, dated 9/17/28, one for $12, one for $20.65, one for $58.90, and a number of smaller items. The Day & Hays Insurance Agency has two bills, one for policy on stationary boiler for $221, dated 1/20/30, and the other contains two items aggre- gating $64.16. The court found that A. H. Douglas, R. E. Day, and William Bethel, by their acts in dealing with the board of education, had vacated their offices. It further found and so adjudged that S. H. Jones was not legally appointed, and therefore not a member of the board of education. The judgment further declared that the remaining members of the board of education had a right to meet and fill the vacancies on the board of educa- tion, and enjoined A. H. Douglas, R. E. Day, William Bethel, and S. H. Jones from further attempting to exercise their duties as members of the board of educa- tion. Complaining of the correctness of the judgment, A. H. Douglas prosecutes this appeal.

The pertinent part of section 3587a-4, Kentucky Statutes, reads:

"No person shall be eligible to this office who, at the time of his election, is directly or indirectly interested in the sale to the board of books, station- ery, or other property. If, at any time after the election of any member of said board, he shall become interested in any such contract with or claim against said board, or if he shall after election, become a candidate for any office or agency or for the nomination thereto, the holding and the discharg- ing of the duties of which would have rendered him ineligible before election, or if he shall move his

residence from the city for which he was chosen, or if he shall do or incur anything which would have rendered him ineligible for election, his office shall, without further action, be vacant, and it shall, be filled as herein directed.''

It will be observed that the above section of the Statutes provides that if, after the election of a member of the board of education, he shall become interested in contracts with the board, by such acts ''his office shall without further action be vacant.'' It is a consistent rule adhered to in a long uninterrupted line of decisions that fiscal courts, boards of education, and city councils are prohibited from becoming interested in claims or contracts with their respective bodies. Various penalties and restraining impositions are prescribed by the different statutes. These statutes were enacted as safeguards upon the spending of public funds and with the further view of throwing a wall of protection around the members of such bodies. Their duties as members could not thereby be influenced by selfish interests. The wisdom of such statutes is too apparent to need lengthy discussions.

By section 1844, Kentucky Statutes, members of the fiscal court are not permitted to be interested in contracts with the county. Clark v. Logan County, 138 Ky. 676, 728 S. W. 1079; Thomas v. O'Brien, 138 Ky. 770, 129 S. W. 103. By section 2768, the city councils of cities of the first class are prohibited from being interested in the claims against the city. Bradley & Gilbert v. Jacques, 110 S. W. 836, 33 Ky. Law Rep. 618; Nunemacher v. City of Louisville, 98 Ky. 334, 32 S. W. 1091, 17 Ky. Law Rep. 993. Section 3043 applies to councilmen of cities of the second class; section 3266 to members of the legislative bodies of cities of the third class; and section 3484 to cities of the fourth class. Wilson v. Smith, 215 Ky. 504, 284 S. W. 1102. Thus it will be seen that the rule holds universal throughout the different divisions of local government with a similar inhibition to the one found in section above.

A further examination discloses that the members of boards of education of all cities are prohibited from being interested in claims against or contracts with their respective bodies. Boards of education of the first class cities are controlled by section 2978a-4; second class cities by section 3235a-4; third class cities by section

3472; and fourth class cities by section 3587a-4. Thus a similar restrictive statute applies to boards of education in all cities. Bornstein v. Louisville School Board, 137 Ky. 108, 122 S. W. 522; McLaughlin v. Shore, 152 Ky. 746, 154 S. W. 45.

The appellant Douglas concedes that R. E. Day and William Bethel had vacated their offices. He argues however that he does not come within the statutory provisions, as he was not individually interested in the sales by the Victory Motor Company to the board of education; that he received no profits upon the sale made by the Victory Motor Company. We fail to see the distinction contended for by appellant. It cannot be denied that he is interested in any business done by the Victory Motor Company. He is president of the company; he owns one-third of the stock; surely he is directly interested in the welfare of that company, and its welfare is wholly dependent upon its business. We are therefore of the opinion, under this statute, he likewise vacated his office as a member of the board of education.

While these statutory provisions in their operation seem severe, they were not intended to punish members of the boards of education; and perhaps in some cases work undeserved hardships upon members when the acts condemned were prompted by no improper motives. There is, however, no distinction made, and none can be made, between the different character of transactions. We are not justified in the inquiry whether these acts were profitable to the members or otherwise. The Statutes prohibit the act. No ulterior motive is intimated in this record and no culpability attaches by the circuit court's judgment or this opinion to the deposed members of that board. These members are guilty of no acts involving even a semblance of moral turpitude. They have merely transgressed the provisions of a statute, perhaps inadvertently. They must, however, suffer its penalties.

Having disposed of the first three questions presented, we proceed to the fourth question, which is, by whom shall these vacancies be filled? By section 3587a-11, the Statutes expressly say: "Any vacancy in said board, from whatever cause occuring, shall be filled by the other members of the board as soon as practicable after such vacancy occurs. The members so chosen shall hold office for the remaining part of the term of his predecessor, and until his successor is elected and qualified, subject to the provisions of Ky. Constitution, sec. 152."

The provisions of this section make it clear that the remaining members have the right, and it is their duty, to fill the vacancies thus created. It is argued that there is not now a quorum of eligible members of said board. Therefore the remaining members have no power to fill the vacancy. It is said that the board had adopted no rule requiring any number of persons to be present to constitute a quorum, and that, in the absence of some statute or rule defining the number necessary to constitute a quorum, the common-law rule of a majority was necessary to constitute a legal board. Glass v. City of Hopkinsville, 225 Ky. 428, 9 S. W. (2d) 117. It is true that no order, in so far as we are informed by this record, had been made by the board designating a quorum. It is likewise true that the statute provides no certain number, but says that the ''other members of the Board'' shall fill vacancies. The Glass case, supra, clearly differentiates between the statute here and the one under consideration in that case.

It is clear that the Legislature intended by this act to have at all times a working board, unhampered by vacancies and with the continual ever-present ability reposing in them to fill vacancies and perform duties imposed upon them as such officials. The meaning is so apparent on its face as to need no construction. Booth v. Owensboro Board of Education, 191 Ky. 147, 229 S. W. 84. We are of the opinion that the circuit court correctly ruled that the three remaining members, in the absence of any statutory provision to the contrary, were entitled to act in filling these vacancies. The appellants concede in their brief that, if the trial court was correct, adjudging Douglas's office vacant, that the appointment of S. H. Jones was not legal. We therefore pass this as abandoned in view of our holdings above.

The last question is as to whether or not the court was justified in enjoining A. H. Douglas, R. E. Day, William Bethel, and S. H. Jones from further attempting to act in the capacity as members of the Elizabethtown board of education. In view of the above holdings in regard to the three members and our holding that their offices were vacant, we treat that as a sufficient answer to this question; it following as a reasonable deduction of law and fact that, if they had vacated their office, they would have had no right to act and the court properly enjoined them. The three remaining members have the

554

right to perform all duties incumbent upon them as members of the board of education by filling these vacancies. Therefore, the payment of bills, teacher's salaries, and performing any and all duties of the office of the board of education can be speedily attended to by prompt action on the part of these members in naming a board of education for the city. The court's judgment directing the members remaining to meet and fill vacancies was proper.

We are of the opinion the proof supports the chancellor's finding, and the judgment is therefore in its entirety correct.

It is affirmed.