## Barton et al. v. Brafford et al.

(Decided May 26, 1936.)

HIRAM H. OWENS for appellants.

V. A. JORDAN and J. J. TYE for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

At the regular November election, 1934, five members of the board of education of Gray's independent graded school district, Knox county, Ky., were elected.

A contest was instituted in which it was decided that W. H. Lee, Dr. J E. Parker, Mrs. Evelyn Davis, and Mrs. Nora Daniels had received the highest number of votes and were entitled to certificates of election.

On August 15, 1934, charges were preferred by the state board of education against the members of the board whose names had been certified to it as being

at that time members of the board of education of the district. Some of the members of the board against whom the proceeding was instituted had resigned before the proceeding was commenced, and other individuals had been appointed to fill the vacancies thus created. Thereafter others resigned, and the vacancies on account thereof were filled by the remaining members of the board and were acting as members of the board at the institution of this action. Those members who were elected in this manner are sued, charged with usurpation. The state board of education removed from office those members of the district board who were named in the proceeding heard and tried by it. Within a few days after the finding of the state board of education, on the 9th day of October, 1935, Tilden Brafford, Dr. W. H. Jones, Sam Brafford, J. T. Gray, and B. R. Campbell were appointed and commissioned by the Governor of this commonwealth as members of the board of education of Gray's independent graded school district, and on receiving their commissions qualified by taking the constitutional and statutory oath. They filed this action against J. A. Barton, Mrs. Nannie Engle, Hubert Farris, Weart Helton, and J. Fred Catron, Jr., for injunctive relief and for a judgment declaring themselves "to be the legally oppointed and qualified acting members of the board of education of the school district with full power and authority to do and perform all the duties pertaining to the office as to the control and management of the affairs of the school district, including the appointment of officers and employees and have declared invalid all orders, rules and regulations made by the defendants between March 16th and November 1st, 1935, inclusive, and the same be set aside and held for naught."

Special and general demurrers were filed to the petition as amended. We find in the record no order disposing of either. Barton and associates and their appointee, Catron, filed an answer and counterclaim traversing the petition as amended, asserted title to the membership of the board, and pleaded lack of authority of the Governor to appoint and commission the Braffords, Gray, Campbell, and Jones as members of the board. The court decreed the relief sought, and perpetuated the restraining order prohibiting Barton,

Farris, and Engle from acting as members of the board; Helton, secretary of the board; and Catron as truant officer.

The decisive question to be determined is the authority of the Governor to appoint and commission them as members of the board of this graded school district. Section 76 of our Constitution reads:

"He [the Governor] shall have the power, except as otherwise provided in this Constitution, to fill vacancies by granting commissions, which shall expire when such vacancies shall have been filled according to the provisions of this Constitution."

Section 152 of the same instrument contains this language:

"Vacancies in all offices for the state at large, or for districts larger than a county, shall be filled by appointment of the governor; all other appointments shall be made as may be prescribed by law."

It will be observed that section 76 is only applicable when the filling of the vacancy is not otherwise provided for in the Constitution, and section 152 controls offices for the state at large or districts larger than a county, and leaves the Legislature to prescribe by general law how county or district offices smaller than a county may be filled. Frost v. Johnston, 262 Ky. 592, 90 S. W. (2d) 1045.

With these sections and our construction of them in mind, we must determine whether the Legislature has by a general act provided for filling of vacancies in the office of the members of boards of education of independent graded school districts, such as under review.

Section 4399-30, Baldwin's 1934 Ed., contains the expression of the Legislature concerning any vacancy in any board of education. It reads:

"Any vacancy in any board of education, from whatever cause occurring, shall be filled for the unexpired term by the other members of the board within 90 days after such vacancy occurs, and in case the vacancy is not filled by the other members of the board within said 90-day period, it

shall be filled by the State Board of Education within 30 days after information has been filed by any citizen of the district that such vacancy has existed for more than 90 days. The member so chosen shall hold office for the unexpired term and until his successor is elected and qualified.''

The excerpt from the petition hereinbefore quoted discloses that there was in office one ''legally and duly elected'' member of the board at all times when the vacancies were attempted to be filled by the selection of the persons sued herein. This being true, the express language of section 4399-30 authorized such member within 90 days after such vacancy had occurred to fill the vacancy or vacancies. So much of section 4399-30 as confers on ''other members of the board'' the authority to fill vacancies in its membership is construed in Douglas v. Pittman, 239 Ky. 548, 39 S. W. (2d) 979.

Adhering to our construction of the words ''other members'' as used in the statute construed in that case, vacancies in membership of the board may be filled by the ''other members,'' whether one or more of them constitute the ''other members'' at the time of the filling the vacancy or vacancies, provided he or they do so ''within 90 days after such vacancy occurs.'' A quorum of the members is not required by the statute. Douglas v. Pittman, supra. It expressly conferred on the one ''legally elected and qualified member'' of the board, for 90 days after the vacancy occurred, authority to fill the vacancy. Hence it deprives the Governor of the power to fill the same under section 3758, Ky. Stats., as amended by Acts 1930, c. 118, sec. 1. Leaving this view aside, this section expressly confers on the state board of education, in case the other members of the board fail for the 90-day period after such vacancy occurs to fill vacancy, the exclusive authority to fill the vacancy or vacancies within 30 days after information is filed with it by any citizen of the district stating that such vacancy had existed for more than 90 days. The authority being thus conferred on the other members of the board for 90 days after the vacancy occurs and thereafter on the state board of education, if the vacancies continued for a 90-day period, it follows that the Governor's appointment and commission of the Braffords, Gray, Campbell and

Jones were invalid, and vested in them no title to the office. The burden of alleging and proving every fact essential to their title rested upon them, and their recovery depends upon the strength of their own title and not the weakness of their adversaries. Dorain v. Walters, 132 Ky. 54, 116 S. W. 313; Watkins v. Snyder, 148 Ky. 733, 147 S. W. 899; Wooton v. Wheeler, 149 Ky. 62, 147 S. W. 914; Hermann v. Lampe, 175 Ky. 109, 194 S. W. 122.

The Braffords, Gray, Campbell, and Jones cite and rely on Board of Trustees of Salt Lick Graded Common School District et al. v. Kercheval et al., 242 Ky. 1, 45 S. W. (2d) 846, as controlling. In that case a member of this court in vacation disposed of a motion to dissolve an injunction. His opinion was concurred in by another member of the court. In it there were four members of the board in office; one having failed to qualify. The four deadlocked and were unable to agree on a person to fill the vacancy existing on account of the one failing to qualify. This condition was presented to the Governor, and he appointed a member to fill the existing vacancy. Another member having tendered his resignation, the Governor appointed one to fill the vacancy resulting therefrom. Section 3758, Kentucky Statutes, conferred the power upon the Governor to fill all vacancies in office where no other provision of law for the filling it had been made. Section 4399-30 was not in existence at that time, and there was no statute conferring on the state board of education the power to fill vacancies in any boards of education. It was therefore written that the deadlock in the membership of the board was in effect a vacancy in its membership and that the Governor, in the absence of any statute conferring the authority on any other agency, was authorized under section 3758 to fill the vacancy as if there were a vacancy in the entire membership of the board. This case recognizes our construction of the words "other members," as they are used in section 4399-30. It neither in effect nor in purpose conflicts with Douglas v. Pittman, supra, which is controlling in the present one.

Many questions are discussed in briefs and numerous authorities cited in support thereof. Entertaining

the views herein expressed, it is entirely unnecessary to consider them.

Wherefore the judgment is reversed, with directions to dismiss the petition.