## Spurlock et al. v. Spradlin et al.

(Decided Nov. 13, 1936.)

C. B. WHEELER for appellants.

HILL & HOBSON for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

Appellants here, and plaintiffs below, are Richard Spurlock, Heber Burke, W. P. Coyer and Cecil Kendrick. The appellees, defendants below, are Bill A. Spradlin, Martin J. Leete, Ray Perry, Maggie Hall, A. L. Davidson, H. F. Patton, Alex M. Spradlin, Ishmael Triplett and W. H. May.

It appears from the petition filed November 27, 1935, that all plaintiffs and defendants in the action, save Triplett and May, are, had been, or claiming to be, members of the board of education of the city of Prestonsburg, Ky. Prior to an act of the General Assembly of 1934 the board was operating under the laws then existing, and, as alleged in the petition, the board of education of this district consisted of six members to be elected in even years. They were so classified that one-half the board members served for a period of two years longer than the other class.

An election had been held in 1932 and those elected, whose terms would expire January 1, 1937, were the defendants Davidson, Alex Spradlin, and Leete. The School Code of 1934 (chapter 65, Acts 1934 [Ky. Stats. 1936, sec. 4363-1 et seq.]) provided that thereafter the board was to consist of five members, three elected in November, 1934, to take office on January 1, 1935, to hold for four years; two to be elected in November, 1936, to hold for four years, and to be qualified January 1, 1937. At the 1934 election plaintiffs Spurlock, Burke, and defendant Patton were elected, and on January 1, 1935, qualified and entered upon their duties. Thus the board on January 1, 1935, was composed of Spurlock, Burke, and Patton, new members, and Davidson, Alex Spradlin, and Leete, holdovers. Although the 1934 act

provided for a board of only five members, no question was raised as to the validity of the composition of the board until time came for, and perhaps after, the appointment of teachers and other employees of the district for the school year 1935-36. It is alleged that at this time Davidson (a holdover) wanted a niece and a first cousin employed as teachers; Patton, a new member, desired his daughter and a son-in-law as teachers; Alex Spradlin, an old member, wanted a relative as attendance officer.

It is alleged that those members, having in mind section 4399-9, Ky. Stats. 1936, yet desiring the appointment of kinspeople, entered into a plan or scheme, taking the following into the conspiracy: Leete, an old member, who seemingly had no nepotic ax to grind, Maggie Hall, Bill Spradlin, and Ray Perry (not then members of the board) who had relatives they wanted to have appointments, or who were related to persons whom the other old members wanted appointed, whereby the results suggested above might be consummated.

On August 28, 1935, Davidson (a holdover) offered his resignation and it was accepted, Patton, Leete, and Alex Spradlin voting for, Spurlock and Burke against, the acceptance. Roy Perry's name was then presented as a successor to Davidson, and he was elected by the votes of Patton, Leete, and Alex Spradlin, Spurlock withdrawing from the meeting, and Burke not voting.

At a called meeting on August 30, 1935, Patton tendered his resignation which was accepted, and Maggie Hall was elected to fill the vacancy, Leete, Alex Spradlin, and Perry voting for her. It is said that the board then proceeded to elect some of Patton's relatives. Thereupon at the same meeting the resignation of Alex Spradlin was tendered and accepted and Bill Spradlin was elected to fill that vacancy, and the board proceeded to elect some of Alex Spradlin's relatives.

Thus we see that in January, 1935, the board was composed of Alex Spradlin, Leete, Patton, Spurlock, Burke, and Davidson, all duly elected, and whose acts were fully recognized up until August, 1935. When Davidson resigned the vacancy was filled by the appointment of Perry, and it is argued that his election was void because under the 1934 act there was no vacancy to fill.

It is claimed that when Patton resigned and was succeeded by Maggie Hall, her election was void because there were only four legally qualified members of the board, to wit, Alex Spradlin, Leete, Spurlock, and Burke, and it was the duty of said four members to fill a vacancy; that since only two were present or voted for Maggie Hall they constituted neither the "remaining members nor a majority of the Board." Ky. Stats. 1936, sec. 4399-30.

It is then said that, when Bill Spradlin was elected to fill the vacancy caused by the resignation of Alex Spradlin, only one legally elected and qualified member remained to vote for him; this idea being advanced on the theory that the elections of Perry and Maggie Hall were void because not elected by the "entire board" or a majority thereof.

We are not concerned with such allegations of the petition as relate to the alleged conspiracy plan or scheme which led to the resignations and elections above mentioned, since the parties with whom contracts were made, if made in pursuance of such a plan, are not before the court, nor indeed are their rights challenegd in any way whatsoever. Nor are we disposed to give consideration to the contention that Davidson (the sixth member) had no right to sit after January, 1935. He did nothing that is challenged, save and except to resign. Neither is it important to a decision of this case to determine whether the board had the right to elect Perry to fill the vacancy caused by Davidson's election, as we shall presently show.

By a reading of section 4399-28, Ky. Statutes 1936, it is clear that the Legislature undertook to care for a situation which was inevitable, the one here being exemplary. There were three members in January, 1935, whose elections had never been, nor are they now questioned, as far as the record shows. They were elected in 1934 and qualified. The statute, supra, recognizing that such a condition was bound to come about, did not provide, nor could it have reasonably provided, a method by which any particular member should vacate his seat, since he had been elected by the people.

On the other hand it did provide that, until the qualification of the "new boards," the existing boards should have control with "all powers and duties given

by the act in question." It was also provided that the "new boards" should continue all teachers and other contracts until their expirations. Under this provision as we read it, the holdover member constituted a part of the board of education as did the newly elected members.

Section 4399-30, Kentucky Statutes 1936, which is the only machinery we find for filling vacancies, provides that "any vacancy in any board of education, from whatever cause occurring, shall be filled for the unexpired term by the other members of the board," making no distinction between holdovers and newly elected members. Under the statute the board had the right to fill this vacancy for the unexpired term.

It is also contended that Perry's election was invalid because no quorum was present and voting. The record shows that four members were present, three voting for Perry. When Patton resigned on August 30, that left five members of the board. Leete, Alex Spradlin, and Roy Perry voted for Maggie Hall. Burke was not present, but there was a quorum of the board, and she received a majojrity of the votes of that quorum. The same is true of the election of Bill Spradlin to succeed Alex Spradlin, in so far as the record shows. Appellants' petition at least makes it so appear.

The contention seems to be that the elections of Hall and Bill Spradlin were void, because the newly elected members alone constituted a quorum and that a majority of a quorum only had the right to elect, the position taken being that the successors of the resigners were interlopers. However, accepting appellants' theory, we are of the opinion that an application of their reasoning would lead us to the same result. Construing section 4399-30, Ky. Stats. 1936, in the case of Barton v. Bradford, 264 Ky. 480, 95 S. W. (2d) 6, 7, which in turn cited Douglas v. Pittman, 239 Ky. 548, 39 S. W. (2d) 979, we said:

"The excerpts from the petition hereinbefore quoted discloses that there was in office one 'legally and duly elected' member of the board at all times when the vacancies were attempted to be filled by the selection of the persons sued herein. This being true, the express language of section 4399-30 authorized such member within 90 days after such

vacancy had occurred to fill the vacancy or vacancies. So much of section 4399-30 as confers on 'other members of the board' the authority to fill vacancies in its membership is construed in Douglas v. Pittman, 239 Ky. 548, 39 S. W. [2d] 979. * * *

"A quorum of the members is not required by the statute. Douglas v. Pittman, supra. It expressly conferred on the one 'legally elected and qualified member' of the board, for 90 days after the vacancy occured, authority to fill the vacancy."

It is claimed in the petition that, in addition to the abandonment of their offices by resigning, Davidson, Patton, and Spradlin had vacated by failing to attend three successive meetings (section 4399-29, Ky. Stats. 1936), and for this reason there were vacancies to be filled. Coyer was nominated at one meeting and Kendrick at another. Burke nominated Coyer, and his nomination received a second. A majority of the members declined to accept the nomination. Afterwards a meeting was attempted to be called by two of the members, Coyer joining in with them. At this called meeting Kendrick was elected by the members who had called the special meeting.

We can see no reason, as far as the record discloses, why there should have been any election of Coyer or Kendrick. There were already six members. The vacancies occasioned by the resignations of Patton, Alex Spradlin, and Davidson had already been filled. The fact that some of them had failed to attend three meetings in succession created no vacancies since there is no allegation that the board took action on their failure to attend. Board of Education v. Stevens, 261 Ky. 475, 88 S. W. (2d) 3.

It is further alleged that Davidson, Alex Spradlin, and Patton are holding it out to the public that their resignations were for temporary purposes only; that as soon as the teacher election plan had been carried out their respective successors would step out and they would be reinstated. The petition calls upon them and each of them to appear and assert their claims.

As far as the record discloses they have failed to respond to this request. No answer appears in the record which asserts any such claim or rights on their respective parts. In fact, they just did not answer. In

addition to this they, or some of them, disavow any intention of setting up claim to officership on the board.

It was sought in the petition to have Coyer and Kendrick declared duly elected, and that they with Spurlock, Burke, and Leete be held to constitute the board; to enjoin Bill Spradlin, Perry, and Maggie Hall from further acting, on the ground that their election was void. And further that Davidson, Patton, and Alex Spradlin be enjoined from hereafter claiming to be or attempting to act as members, and finally that the treasurer and superintendent be enjoined from following any orders of the board except as constituted according to appellants' conception as to which members constitute the board.

The court below sustained a demurrer to the petition as amended, and, upon declination of plaintiffs to plead further, dismissed their petition. The court was correct in his ruling.

Judgment affirmed.