STATE OF TENNESSEE *ex rel., etc.* v. ROY SIMPSON *et al.*

(*Nashville,* December Term, 1954.)

Opinion filed August 2, 1955.

Baxter Key, District Attorney General, of Carthage, and E. R. Woolard, of Lebanon, for complainants.

Robert L. Forrester, of Watertown, for defendants.

Mr. Justice Swepston delivered the opinion of the Court.

This is a quo warranto proceeding filed by Baxter Key, District Attorney General, on the relation of 24 residents of Wilson County for the purpose of having the appointment of C. C. Smith and Fred J. Davenport to the Board of Trustees of the Watertown Special School District declared void. The Chancellor heard the cause on the original bill, the answer, the exhibits in the record, and

agreement and stipulation of the parties and upon the entire record. He held that the appointment of Smith and Davenport was legal and valid and dismissed the bill. After the Court announced its decision complainants made a motion to be permitted to file an amended or supplemental bill challenging the right of the defendants Smith and Davenport to hold said offices as hold-overs beyond the expiration of the unexpired term to which they were appointed. The Chancellor overruled this motion.

Complainants have appealed and have assigned these two actions of the Court as error.

Smith and Davenport have filed a motion to dismiss the appeal on two grounds. (1) Because the assignments of error and brief had not been filed by appellants within the time required by Rule 14 of this Court, and (2) because this case was tried in the Chancery Court on oral testimony pursuant to an agreement filed in the cause, but no bill of exceptions has been prepared or filed in the Court nor included in the transcript.

In the view that we take of the merits of the case we deem it unnecessary to pass upon the motion to dismiss on these two grounds, other than to say the answer admits enough of the material averments of the bill to present the legal question of whether or not the appointment of these two men was valid. The question is, therefore, presented by the technical record and no bill of exceptions is necessary.

The Watertown Special School District was created under Chapter 134 of the Private Acts of 1921, as amended by Chapter 471 of the Private Acts of 1939, and said Act creates a Board of Trustees three in number, through whom the District functions, the Act further providing that two of said Trustees shall constitute a quorum

for the transaction of business. The Board shall be elected by the qualified voters of the District at the regular election on the first Thursday in August, 1922, and biannually thereafter, and that they shall hold their respective offices for a term of two years from the first day of September next after their election. By said amended Act it is provided as follows:

"'Vacancies on said Board shall be filled by appointment of the other members, and the person so appointed shall serve until the next regular election and until his successor is duly elected and qualified.'"

It appears that up to August 11, 1954, the Board was composed of Roy Simpson, J. W. Gill, and R. D. Mason, but on said date Gill and Mason submitted their resignations to the only remaining member, Roy Simpson, which resignations were accepted by him. On the next day Simpson appointed Smith and Davenport members of the Board and they qualified as such and were so acting when this suit was filed.

It is insisted by the appellant that the above quoted language of the Act furnished no authority for the one remaining member to appoint these other two persons to fill the vacancies caused by the resignation of the other two members because, it is said, that the Act provides that two shall constitute a quorum for the transaction of business, and that most certainly the appointment to fill a vacancy is a transaction of business within the meaning of the Act, and hence two are required; further it is insisted that the language of the amendment is expressly in the plural and that, therefore, the appointment cannot be made by less than two members.

Such precedent as we have been able to find, which counsel will find in 78 C. J. S., Schools and School Dis-

tricts, Sec. 117-c-(1), p. 895, seems to be contrary to the contention of appellant.

In dealing with a statute almost identical with the statute here involved the Court of Appeals of Kentucky has held that where a statute confers the power to fill vacancies on " 'the other members' ", a minority has the power to fill the vacancy or vacancies, *Spurlock* v. *Spradlin*, 266 Ky. 164, 98 S. W. (2d) 480, 482; *Douglas* v. *Pittman*, 239 Ky. 548, 39 S. W. (2d) 979; and that is true even where there remains in office only one member, which is our exact situation in the present case. *Barton* v. *Brafford*, 264 Ky. 480, 95 S. W. (2d) 6.

The Kentucky Court makes a distinction between conferring the power on the "other members" and conferring it on the "Board," and holds that where it is conferred on the "Board," the statute pre-supposes the presence of a quorum as a condition to action. *Glass* v. *Hopkinsville*, 225 Ky. 428, 9 S. W. (2d) 117.

In Note 87 to the text in C. J. S., the Missouri case of *State ex rel. Thurlo* v. *Harper*, 336 Mo. 717, 80 S. W. (2d) 849, appears from the abstract in the Note to hold to the contrary of the above, but upon examination of the case it will be found that the Missouri Court was dealing with an entirely different statute, and in fact, a reading of that opinion shows the statute expressly provided that the remaining Directors are empowered to fill a vacancy when there is only one vacancy to be filled, but if more than one, then the statute provides that the vacancies shall be filled by the County Superintendent of Schools.

We are pleased to follow the reasoning of the Kentucky Court and we, therefore, affirm the action of the Chancellor in holding that the appointment of Smith and Davenport was valid.

There was an election on August 5, 1954, at which Smith and Davenport were defeated and J. D. Givens and the two men who later resigned on August 11th, as heretofore stated, were elected for the term beginning September 1, 1954.

■ ■ The Chancellor further held that Smith and Davenport were appointed to fill the unexpired term ending August 31, 1954, but he overruled the motion of complainant to amend so as to raise the question of the eligibility of said Smith and Davenport to hold the office as hold-overs beyond said date of the expired term, "for the reason that there is no party to this record who is presently seeking the office now being held by said Smith and said Davenport, and it does not appear that there is any other person who is a party to this record who is rightfully entitled to the offices now being held by said Smith and said Davenport." The Chancellor was further of opinion that the matters raised in said motion are properly the subject-matter of an independent suit.

We think the Chancellor was eminently correct in overruling said motion for the reasons stated by him.

The decree below is in all things affirmed at the cost of the appellant.