STATE *ex rel.* CLIFTON BARNES *et al. v.* C. C. SMITH *et al.*

(*Nashville,* December Term, 1955.)

Opinion filed February 3, 1956.

BAXTER KEY, District Attorney General, of Carthage, E. R. WOOLARD, of Lebanon, and HOMER B. WEIMAR, of Nashville, for plaintiffs.

R. L. FORRESTER, of Watertown, for defendants.

Mʀ. Jᴜsᴛɪᴄᴇ Sᴡᴇᴘsᴛᴏɴ delivered the opinion of the Court.

The bill in this case was filed on March 17, 1955, as a sequel to the case of *State* v. *Simpson,* —Tenn.—, 281 S. W. (2d) 679. Reference to the opinion in that case will disclose that the purpose of that bill was to determine the question of the legality of the appointment of the defendants, C. C. Smith and Fred J. Davenport, to fill the unexpired term as trustees of Watertown Special School District, which term expired at midnight on August 31, 1954. We affirmed the Chancellor in holding that Smith and Davenport were appointed to fill this unexpired term ending August 31, 1954. We likewise affirmed the Chancellor in his refusal to allow complainants to amend so as to raise the question of the eligibility of said Smith and Davenport to hold the office as holdovers beyond said above date of expiration of said term.

The present suit was filed for the purpose of challenging the right and authority of the said Smith and Davenport to exercise the duties of this office from and after August 31, 1954. The bill alleges the following undisputed facts:

At the August election of 1952, Roy Simpson, J. W. Gill and R. D. Mason were duly elected members of the Board of Trustees of said School District for the term of two years beginning September 1, 1952, and ending midnight August 31, 1954. Said trustees served as such until August 11, 1954, when Gill and Mason resigned for the remainder of their term. Said resignations were accepted by the remaining member, Roy Simpson, and he then on August 12, 1954, acting under the statute, Chapter 134, Private Acts of 1921, as amended by Chapter 471 of the Private Acts of 1939, creating said District, filled the two vacancies by appointing said Smith and Davenport to serve out the unexpired terms of Gill and Mason, respectively, and said appointees immediately qualified. It will be noted that said statute provides as follows:

" 'Vacancies on said Board shall be filled by appointment of the other members, and the person so appointed shall serve until the next regular election and until his successor is duly elected and qualified.' "

In the meantime, however, at the general election on August 5, 1954, from among the candidates Gill, Mason, Simpson, Davenport and Givan, Gill, Mason and Givan were elected and Simpson and Davenport were defeated. The term for which Gill, Mason and Givan were elected was to begin September 1, 1954, and end September 1, 1956, or as you choose, midnight, August 31, 1956. Givan qualified on September 1, 1954, assumed the duties of office replacing Roy Simpson and continues to serve at the present time. However, a few days prior to September 1, 1954, suits were filed in the Chancery Court against Gill and Mason attacking their eligibility to hold said office on the ground that they had violated Code Sections 1874 and 3497 by doing business as individuals with the said

School District, and on December 27, 1954, decrees were entered holding these two men ineligible to hold the offices.

Thereafter, on January 10, 1955, J. D. Givan, the sole remaining member of the Board who had been elected by the people on August 5th, acting under said Private Act, as amended, duly appointed Henry Oldfield and Doyle Talley, who duly qualified, but the said Smith and Davenport refused to surrender the office to these appointees. Hence this present suit to determine which two of these four men are qualified and entitled to occupy the offices on and after January 10, 1955.

The Chancellor, in a well-reasoned opinion, held that Talley and Oldfield were entitled to the office on and after January 10th, and that Smith and Davenport should be removed from office. The latter two have appealed and the second, third and fourth assignments of error are directed to this action of the Chancellor.

We think the Chancellor was entirely correct for the reasons stated by him as follows:

"The Court has heretofore indicated to counsel during the arguments that it is the opinion of the Court that these defendants have no right to hold said office as hold-overs because of the plain constitutional provision contained in section 5 of Article 7, of the Constitution, which provides that no appointment or election to fill a vacancy shall be made for a period extending beyond the unexpired term.

"This provision of the Constitution has been construed by our Courts in the case of State ex rel. Kenner v. Spears, reported in [Tenn. Ch. App.] 53 S. W. 247, and referred to and cited at length in the case of State ex rel. [Gann] v. Malone, reported in

131 Tenn. 149, at page 164, et seq. [174 S. W. 257, 262].

"In the Malone case the entire language of section 5 of Article 7, of the Constitution is dealt with at great length and the law seems to be well settled that when an appointment is made to fill an unexpired term, there is necessarily, under the constitutional provision above quoted, a vacancy at the end of the term, because the appointment extends only so far, but that the appointee must, as the person designated by the Constitution for the purpose, continue to discharge the duties of the office until the election or appointment of someone to fill the vacancy.

"Our Supreme Court said in the Malone case:

" 'It would thus appear that one appointed to fill an unexpired term continuing to perform the duties of the office after the expiration of the term would not hold as under a prolongation of his term, but only as a temporary holder of the office until an ascertained vacancy could be filled by a designated authority.'

"The Court further said: 'There is a distinction between the nature of the holding over of one appointed or elected to fill out an unexpired term, and that of an officer elected by the people for a full term; the latter falling under the rule that, if no one has been provided by election and qualification to take his place when the term of years has run out for which he was elected, there is no vacancy, and he continues to hold his office until in due course his successor is elected or appointed, the length of time he shall so hold over being dependent upon the provisions of the Constitution or statutes, as the case

may be, for the supplying of a successor'.

"Again the Court said: 'The difference seems to rest on the distinction between a vacancy in the office, and a vacancy in the term.'

"This record discloses that these defendants were appointed by Mr. Simpson to fill the unexpired terms of Gill and Mason and that their terms expired September 1, 1954. They were entitled, however, to hold over until there was someone appointed as provided by the statute, to take their place, or until someone is elected at the next regular August election to fill the office. It appears from this record that on January 10th of this year Mr. Talley and Mr. Oldfield were appointed, as provided by the statute creating this special school district, and if they are eligible to hold said office the Court can now see no reason why the defendants, Smith and Davenport, should not be removed."

Obviously Gill and Mason were elected August 5th for the new term beginning September 1, but before they undertook to qualify, they were rendered ineligible by the decree of August 27th.

These assignments are, therefore, overruled.

The first assignment of error complains of the action of the Chancellor in overruling the defendants' motion to dismiss and their demurrer. We do not deem it necessary to discuss any of the errors alleged in this regard because with one exception even if the Chancellor did commit any of the errors alleged, which we do not think occurred, we would not reverse because the entire record fails to disclose that any prejudice resulted to these two defendants. Code, Sec. 10654.

The only error we need refer to in this regard is the third ground of the demurrer which states:

"Because the bill prays for an adjudication contrary to and violative of a valid decree which this Court rendered in another cause and of which the Court will take judicial knowledge."

This same question is raised by assignment six which complains of the Court's denying defendants' plea of res adjudicata set up in the cross-bill. It is obvious from the statement of facts heretofore made that the decree in the prior suit is not res adjudicata of the present suit and assignments one and six are accordingly overruled. .

The fifth assignment is that the Chancellor erred in re-instating the injunction against Smith and Davenport previously dissolved and in specifically decreeing that said injunction would remain in force pending the appeal granted. We need not discuss this assignment at length because if the Chancellor were in error, which we do not think he was, we would not reverse because Smith and Davenport, as heretofore held, were not entitled to hold the office after January 10, 1955, and therefore suffered no prejudice. What the Chancellor actually did in this regard will be clarified still further by a discussion of the seventh and last assignment, to the effect that the Chancellor erred in hearing the cause at Chambers and rendering a final decree without consent of the parties or by order entered during the term of Court.

When this suit was filed an injunction was issued by the Judge of the General Sessions Court enjoining Smith and Davenport from further occupying the office. When a motion to dissolve was heard by the Chancellor on April 12, 1955, he dissolved the injunction for the reason later stated in his memorandum opinion as follows:

"The Court was of the opinion at the hearing on the motion to dissolve said injunction that said in-

junction was improvidently granted and as a result thereof the principal issue involved in this case was decided without a hearing, and that the status quo should be preserved and the defendants, Smith and Davenport, continue to serve as trustees until the issues raised by the bill could be disposed of by final decree, the Court being of the opinion that an injunction should not be granted to prevent the person in office from exercising his functions pending proceedings to determine his right to the office (citing—18 R. C. L. p. 254; State ex rel. [Carey] v. Bratton, 148 Tenn. 174, 183 [253 S. W. 705])."

The Chancellor then on June 10, 1955, heard the cause upon the entire record, and on June 15, 1955, filed a complete memorandum disposing of all motions, demurrers, etc., as well as the principal issue in the case in the language hereinbefore quoted, subject to the right of defendants to file an answer and cross-bill with the following admonition to them:

"The case cannot be prolonged and Oldfield and Talley held out of office by the litigating of immaterial and irrelevant issues that might be injected into this lawsuit in the answer of the defendants to be filed in this cause. The Court now advises counsel for defendants that unless the answer shows that Oldfield and Talley are ineligible to act as trustees of the Watertown School District, this Court will, as it has a right to do, reinstate the injunction heretofore dissolved and permit the said Oldfield and Talley to assume the duties of this office.

"The right to reinstate an injunction has been exercised by our Courts on many occasions, and the right to continue an injunction in full force and effect pending an appeal has also been exercised by Chan-

cery Courts (Crum v. Fillers, 6 Tenn. App. 547, 555; Russell v. Tennessee & Ky. Tobacco Co., 19 Tenn. App. 474, 478 [89 S. W. 2d 907]; Code sec. 10553).''

The Chancellor then ordered that counsel for defendants be given 30 days from June 15, 1955, to file the answer and directed that a copy be mailed to him. The defendants secured additional time later on in which to file said answer and cross-bill which was finally filed on September 1, 1955, but *the same does not deny that Oldfield and Talley were eligible* to hold said offices. The Chancellor, therefore, on September 20, 1955, entered a final decree in accordance with his previous admonition to counsel, and in said final decree he incorporated a full memo opinion which he had filed on June 15th, prior thereto. The Chancellor further stated in said final decree that the answer of defendants made no showing that Oldfield and Talley were ineligible to hold said offices and he, therefore, terminated the tenure of said Smith and Davenport and reinstated the injunction against them pending the appeal of the cause.

We are of opinion that the Chancellor was entirely correct in his actions in this regard and we, therefore, overrule both assignments five and seven.

The decree of the Chancellor is affirmed.